NEW YORK LIFE INSURANCE COMPANY, Plaintiff, v. MORRIS ROSENHEIM *et al.*, Respondents, and WILLIAM WEISELS *et al.*, Appellants.

St. Louis Court of Appeals, January 2, 1894.

1. **Practice, Appellate**: INTERPLEADER: PRESERVATION OF EXCEPTIONS. When a judgment on a bill of interpleader sustains the bill, requires the parties defendant to interplead and overrules a motion for the dissolution of a prior temporary injunction, exceptions taken with respect thereto must be preserved as in other cases during the same term.

2. **Life Insurance**: ASSIGNMENT: INSURABLE INTEREST OF ASSIGNEE. A policy of life insurance may always, in the absence of an express prohibition, be assigned by the concurrent act of the assured and the beneficiary as security for a debt; whether the debt be one for which the assured or the beneficiary is primarily liable makes no difference, where the assignment is supported by an independent consideration.

3. ———: ———: ———. The prohibition, contained in section 5866, of the Revised Statutes, prohibiting life insurance in favor of a person who has no insurable interest, relates only to insurance effected in assessment companies. Moreover, it is only a legislative declaration of, and does not extend beyond, the rule at common law.

4. ———: ———: PROVISION OF POLICY AGAINST ASSIGNMENT: MARRIED WOMEN. The insured and beneficiary, after having jointly assigned the policy of insurance and enjoyed the consideration paid therefor, cannot for the purpose of invalidating their act invoke a provision of the policy prohibiting such assignment. This rule applies to married women in common with other persons.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*George W. Taussig* and *Hugh D. McCorkle* for
appellants.

(1) The injunction and order to interplead in this
case were improperly granted.   It is manifestly improper
and   discourteous for   a   court to   enjoin   an   action
pending in   a   foreign   court,   save   in   cases where the
court by assuming jurisdiction can do complete justice,
which the foreign court by reason of the circumstances
is unable to do.   Such   interference   leads to   conflicts
of jurisdiction without benefit to the litigants.   *Penn
v. Howard,*   14 Ohio St.   302;   *Cole v.   Young,*   24 Kan.
430;   *Harris v. Pullman,* 84 Ill. 27;   *Pickett v. Ferguson,*
45 Ark. 178;   *Tel.   Co.   v.   Tel.   Co.,*   49 Ill.   90; · *Wyeth
Hdwe. Co. v. Lang,* 2 Mo. Leg. News, 607;   *Banks v.
Railroad,* 28 Vt.   370;   *Mead v. Merritt,* 2 Paige, 402.
(2) The assignment of the policy in controversy was
illegal under section 5866, of the Revised Statutes of
this   state,   because the   assignee   had   no   insurable
interest in the life of the insured.   It was also   illegal
at common law for the same reason.   *Kessler v. Kuhn,*
27 N. E. Rep. 980; *Price v. Supreme Lodge,* 68 Tex.
361;   *Ins.   Co.   v.   Hazzard,* 41 Ind. 116;   *Warnock v.
Davis,* 104 U. S. 775;   *Whitmore v. Supreme Lodge,*
100 Mo. 36;   *Heusner v. Ins. Co.,* 47 Mo. App. 336;
*Ins. Co. v. Ins. Co.,* 81 Ala. 32;   *Hoffman v. Hoke,* 122
Pa. St. 377;   *Ins. Co. v. Sturges,* 18 Kan. 93;   *Helmtags
v. Miller,* 76 Ala. 183;   *Cammack v. Lewis,* 15 Wall.
643;   *Basye v. Adams,* 81 Ky. 368;   *Ins. Co. v. Sefton,*
53 Ind. 380;   *Stevens v. Warren,* 101 Mass. 364.

*Judson & Taussig* for respondent, New York Life Insurance Company.

*Albert Arnstein* for respondents, Rosenheim, Lewis & Co.

(1). A policy of life insurance assigned by the assured and beneficiary to secure an indebtedness is not a "gambling" or "wagering" policy, even if the assignee has no interest in the life of the assured. The inhibition of the law is merely directed against policies, when originally issued or assigned for speculative purposes. *Heusner v. Ins. Co.*, 47 Mo. App. 336–346; *Shoenfield v. Turner*, 75 Tex. 334; *Christ v. Supreme Lodge*, 68 Tex. 361; *Equitable Life v. Hazelwood*, 75 Tex. 338; *Curtis v. Ins. Co.*, 27 Pac. Rep. 211; *Warnock v. Davis*, 104 U. S. 775. (2) Section 5866 of the Revised Statutes applies only to policies issued by "assessment companies" organized in Missouri under the act of 1887. Furthermore, the policy in this case was issued in 1882, and contracts with reference to the same cannot be affected by subsequent legislation. (3) The only party who could take advantage of the fact, that the policy was not assignable, was the plaintiff company. By paying the money into court, it waived that defense, if it was one. *Ins. Co. v. Fisher*, 16 Ins. Law Jour. 595, 596; *Marcus v. Ins. Co.*, 68 N. Y. 625; *Ins. Co. v. O'Brien*, 52 N. W. Rep. 1012.

BOND, J.—This action was brought by the New York Life Insurance Company against Morris Rosenheim and others on the one hand, and William and Rosa Weisels on the other hand, to compel an interpleading for the sum of $416.46, which had become due on a "Tontine Investment Policy" issued by plaintiff on the life of William Weisels and payable, in case of his

death during the existence of the policy, to his wife Rosa Weisels if living, and, if not living, to the children of William Weisels. The petition was sustained. The money therein alleged to be due was ordered to be paid into court. The respective parties were required to interplead, and a preliminary injunction which had been granted was continued to the final hearing.

Thereupon an interpleading was had and the cause was tried on the issues thus made and the evidence adduced thereunder, and final judgment rendered discharging the plaintiffs, awarding the sum in controversy to Rosenheim and others and making the injunction perpetual. From this judgment an appeal is taken to this court by William and Rosa Weisels.

On the trial of this case there was evidence tending to show the issuance by the New York Life Insurance Company of its policy of insurance, number 160273, upon the life of William Weisels, which policy was of the class known as "tontine" and matured on the thirteenth of June, 1892, at which time the legal holder among other options was entitled to the following: "*Third.* To withdraw in cash the entire equity, that is the reserve and accumulated dividend apportioned by the company to the policy, in addition to any surplus which may be apportioned thereto."

This policy was payable in case of death of the assured to Rosa Weisels, his wife, if living, and, if not living, to the children of William Weisels.

In the application made for the policy by Rosa Weisels, the beneficiary, there was an agreement that the contract contained in said policy should be construed according to the laws of New York and the charter of the company, and that, unless otherwise mutually agreed in writing, no suit should be brought against the company, except in the courts of that state

or in the federal courts. This agreement was substantially reiterated in the policy itself, which also recited, to-wit: "This policy is not assignable."

The evidence also disclosed that Rosa Weisels in 1888 was indebted to the firm of Rosenheim, Levis & Company, who refused her further credit. To secure future credit she thereupon executed, jointly with her husband, the following assignment:

"For value received we hereby assign and transfer unto Rosenheim, Levis & Company, of St. Louis, Missouri, the policy of insurance known as 149441 and 160273, issued by the New York Life Insurance Company upon the life of William Weisels, of St. Louis, Missouri, and all dividend, benefit and advantage to be had or derived therefrom, subject to the conditions of said policies, and to the rules and regulations of the company.

"Witness our hands and seals, etc.

"MRS. ROSE WEISELS,
"WILLIAM WEISELS."

This assignment was delivered by William Weisels to Rosenheim, Levis & Company as the basis of a further extension of credit by them to his wife, Rosa Weisels.

When the tontine period expired on the policy in question, the equity which the legal holder was entitled to withdraw under the foregoing option amounted to $416.46. Thereupon this fund was claimed by Rosenheim, Levis & Company, because of an alleged balance due on their dealings with Mrs. Weisels, and also claimed by William and Rosa Weisels on the ground that their assignment thereof was inoperative and void.

The New York Life Insurance Company declined to pay either of the claimants to the fund. Pending some negotiation between the attorneys of the respective claimants, William Weisels brought suit in the

courts of New York for the fund in controversy. Thereupon the insurance company brought the present bill of interpleader, and secured a preliminary injunction against the prosecution of any suit against it, except proceedings to be had in this cause.

Mr. Rosenheim testified in substance that his firm sold goods to Mrs. Weisels, but not to Mr. Weisels; that the latter did not owe his firm anything; that Mrs. Weisels, to secure past indebtedness and further credit, had made the assignment under which he claimed; that he made the demand on her for security on the seventeenth of March, 1888; that he continued thereafter to sell her goods up to November 30, 1888, at which time the balance due his firm was $705.19, which is still unpaid; that he did not personally sell the goods to Mrs. Weisels, and that he only knew of their being delivered to her from the fact, that he *passed on the bills and gave credit* for them, and from the statements of account on the books of his firm; that the amount that she owed them was a balance on that year's dealings.

The first position assumed by appellants in this court is, that the propriety of the action of the lower court in sustaining the bill of interpleader, and overruling their motion to dissolve the preliminary injunction, is open for review.

This position is untenable. The act of the legislature (Laws of 1891, p. 70) on which it is based, extends the right of appeal to orders dissolving injunctions, etc., and affords to the aggrieved party the right to have the action of the trial court reviewed on an appeal taken from the final judgment in the case for its rulings, within the purview of the act made prior to such final judgment. This act does not in terms nor purpose dispense with the necessity in all cases of preserving written exceptions to the rulings complained

of in a bill of exceptions filed during the same term of court at which such rulings were made. Revised Statutes, 1889, secs. 2167, 2168.

The requirements of the statutes last quoted were not complied with by exceptions saved and preserved at the term of court when the bill of interpleader was sustained and the motion to dissolve the injunction overruled. Hence we cannot pass on these rulings of the trial court.

Appellant next contends that the assignment, *supra*, of the policy on William Weisels' life is obnoxious: *first*, to the principle inhibiting wagering policies; or, *second*, to the prohibition of the statute, (Revised Statutes, 1889, sec. 5866) against assignments of a policy or certificate "to a person having no insurable interest in the insured life."

It is the settled law of this state that the person, who takes out a policy upon the life of another, must have a pecuniary interest in the life of the assured, "or else the policy will be a gambling or a wager policy which the law will not enforce." *Whitmore v. Knights of Honor*, 100 Mo. 46; *Singleton v. Ins. Co.*, 66 Mo. 63; *Heusner v. Mutual Ins. Co.*, 47 Mo. App. 336; *Warnock v. Davis*, 104 U. S. 775; 1 May on Insurance, section 102a; *Equitable Ins. Co. v. Hazlewood*, 75 Tex. 351.

In *Heusner v. Mutual Ins. Co.*, *supra*, this court intimated that an assignment of a life policy by the beneficiary to the assured invested the latter with power to assign the policy. The court further intimated that in such event an assignment absolute in form, made by the assured in payment of advances theretofore made to him by the assignee, vested in the assignee a title to the policy *to the extent of such advances*, which title such assignee, to that extent, might transfer to a subsequent assignee of the policy.

VOL. 56—3

In that opinion the case of *Warnock v. Davis, supra,* which announces a kindred proposition, was cited with approval.

If the above intimation is correct (and we think it is), it results that a policy may always be assigned, in the absence of an express prohibition, by the concurrent act of the assured and the beneficiary as security for a debt. Whether the debt be one for which the assured or the beneficiary is primarily liable can make no difference on principle, where the assignment is supported by an independent consideration, because, even though the debt be primarily that of the beneficiary, yet the assured by joining him in the assignment of the policy makes it his own to the extent of the security furnished by the policy. The evidence in this case tends to show that the assignment was supported by an independent consideration, as a further credit was extended to Rosa Weisels on the faith of the security assigned.

We, therefore, hold that respondents under the first branch of inquiry, *supra,* are not (to the extent of their claim for advances of goods) *assignees* of a speculative or wagering interest in the policy in question, and are entitled to retain enough of its proceeds to satisfy the *advances* made thereon. The basis of this conclusion is that, to the extent of the recovery permitted, *i. e.,* purchase price, the assignees have no *speculative interest* in the life of the assured, and hence the transaction does not come within the reason of public policy, invalidating a policy or an assignment thereof, taken out or accepted by one who has no insurable interest in the life of the person assured.

The next branch of the inquiry presents the question of the application of the statute (Revised Statutes, section 5966, *supra)* to the transaction shown

in this record.   Our conclusion is, that this statute
does not govern this case.   In the first place it appears
from the express statements of the statute (Revised
Statutes, section 5860) that the provisions of the
article, of which the section under consideration (5866)
is one, were enacted to define, regulate and control,
contracts of insurance on the assessment plan,
*"which shall be subject to the provisions and require-
ments* of this article"   Taken together, therefore,
sections 5860 and 5866, are by their *terms* confined to
insurance effected in assessment companies.   See also,
Acts, 1887, p. 199.

In any view of the statute in question, whether it
is confined to the "contracts" of assessment companies,
or is applicable generally to all contracts of life insur-
ance companies, it is only a legislative declaration of
an existing rule of law.   Neither by its terms nor
sound construction thereof does it go beyond the
general legal principle, forbidding *assignments* of
policies to persons having no interest in the life
assured.

As we have seen, that principle is not impinged by
validating such transfer to the extent of the purchase
price paid in good faith therefor.   It must, therefore,
result that the statute couched in the same language
bears the same interpretation.   We, therefore, hold that
the section of the statute 5866 *(supra)* does not preclude
respondents from reimbursing themselves for goods
sold in good faith in consideration of the assignment
of the policy in question to them.

The evidence was clearly sufficient to establish the
*status* of respondents as creditors for a sum largely in
excess of the fund in controversy.   The question is not
whether the evidence was sufficient to establish the
items of the account, since no personal judgment was
sought, but whether it substantiated their claim as cred-

itors, entitled to hold a collateral until payment by
their debtors? We think the evidence was ample for
this purpose.

There is no dispute that *respondents* acted in good
faith in taking the assignment, and we see no good
reason for refusing them the benefit thereof to the
extent herein claimed. Since the New York Life
Insurance Company does not plead the stipulations in
the policy against its assignment, but assents thereto
by paying the money into court, we think the appel-
lants, who have enjoyed the consideration thereof, and
who. *executed* it, are conclusively estopped from relying
on that clause of the policy.

Marriage is a shield of defense, not a sword of
offense, and married women, like other persons, can
not enjoy and retain the consideration of their con-
tracts, and at the same time rescind and recover what
was given in exchange. *Pilcher v. Smith*, 2 Head, 208.

The result is that the judgment herein is affirmed.
All concur.