## Monroe K. Binkley v. Ada B. Jarvis et al.

1. BENEFICIARY CERTIFICATES—*Assignability of, for the Security of Creditors.*—A benefit certificate issued by an insurance association like the one in this case, while not assignable at law, may be transferred in equity as security to a creditor for a specific indebtedness due to him, and the representatives of the insured will be entitled to the balance after the claim of such creditor is satisfied.

**Bill in the Nature of an Interpleader.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded with directions. Opinion filed May 5, 1902.

JOHN MAYO PALMER, attorney for appellant.

A. L. FLANINGHAM, attorney for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

The bill in this case sets up the following:

Nancy P. Coburn and Ada B. Jarvis, mother and daughter, lived together as members of one family. Prior to October 1, 1897, appellant, Binkley, had supplied them with groceries and provisions, which were consumed by them, to the value of $550. The women were without means to pay either past or future grocery bills. Desiring to do so, they told appellant that each of them had a benefit certificate upon her life, issued by the Royal Templars of Temperance, in the sum of $1,000, payable at her death to the other as beneficiary, and that they would assign such certificates to him to secure the payment of the present debt and any future debt they might owe him for groceries and provisions. He accepted the offer. Thereupon a signed and sealed instrument was executed by and between

the three, setting forth the object, describing the certifi-
cates, and assigning them to him for the uses and purposes
aforesaid; he agreeing therein to render the overplus to
them, or either of them, or to their legal representatives.
Appellant, at the request of the mother and daughter, noti-
fied the insurance company of the execution of this paper.

After the paper was executed the appellant, upon the
faith of it, furnished them other groceries to the value of
$168.93.

December 20, 1899, Nancy P. Coburn died, wholly insolv-
ent. Appellant notified the insurance company of that
fact, and furnished it with copies of the agreement, and
demanded payment to him. The company placed the
$1,000 in the hands of Whitehall, its Chicago agent, with
directions to pay it out as the legal and equitable rights of
the parties should appear. Appellant asked Ada B. Jar-
vis to direct Whitehall to pay to him the sum of $805.94,
but she declined to do so, and directed Whitehall to with-
hold such payment. Ada B. Jarvis is wholly insolvent,
and the insurance company has no assets or property in this
State.

The prayer of the bill is that this fund be subjected to
the payment of the debt.

The answer of Ada B. Jarvis admits the main facts of
the bill, including the execution of the agreement. She
says, however, that the Royal Templars of Temperance
were incorporated in the State of New York by special act
of the legislature; that as the corporation was authorized to
establish a fund " to aid and assist the membership and
their families in cases of want, sickness or death," it is
impossible for one not a member of the family of the
insured to claim the benefit of such fund, or to become a
beneficiary of such fund, because he does not belong to the
class for whom the corporation may provide assistance; and
the corporation can not lawfully pay out any portion of a
benefit to one who does not belong to such class. For the
same reasons the alleged assignment of the certificate was
null and void. She then sets out the material portions of

such charter, and declares that it is unlawful for Whitehall to turn the $1,000 over to any other person than to herself. She says that she has always repudiated the agreement, and never would have signed it except for the importunities of appellant and her mother; and she demands that the $1,000 be turned over to her. She denies the jurisdiction of the court because the remedy at law is adequate.

The cause was heard on bill and answer, and decree was entered finding the facts as set forth in said bill and answer, and that the assignment of the beneficiary certificate to appellant was null and void. Decreed, that the bill be dismissed for want of equity, and that the restraining order upon Whitehall be dissolved.

Appeal.

Order that the $1,000 draft be converted into money and be paid into court, to await the disposal of the appeal, which was done.

One of the objects for which this insurance company was created was " to aid and assist the membership and their families in cases of want, sickness or death." These poor women, who lived together, by themselves, had each taken out a certificate in this company, in which the other was named as beneficiary. It is not disputed but that the beneficiary in each case belonged to the class of beneficiaries described in the charter, and it is admitted that the certificates were valid obligations. For a long time appellant, moved by generosity rather than by prudence, supplied these two women with groceries and provisions upon credit, until their cost reached $550, and they used the same for their sustenance. There came a time when he halted in the furnishing of these supplies. They were then " in want." They told him of these certificates, and offered to assign them to him in payment of that indebtedness, and as security for further supplies. He consented. This interview led up to the execution of the agreement in question. Appellant thereafter continued to furnish to them groceries and provisions until the death of the mother ripened one of the certificates, when he asked that the debt of $550,

incurred prior to the agreement, and the debt of $168.93, incurred after and upon the faith of that agreement, be paid out of the thousand dollars due upon such certificate. To this the daughter refused to consent, but claimed the whole of such fund as her own.

It is to be noted that the spirit and intention of the charter " to aid and assist the membership and their families in cases of want "—was not violated by what the parties did in this case; that the alleged agreement was made for a valuable and meritorious consideration, not only for a past debt, but also for future advances; that this agreement was freely and understandingly entered into by both the beneficiary and the assured; that the entire interest in this certificate was lodged in the assured, or in her and appellee; that they both united in the agreement, and both received the benefit of such agreement; that the company does not plead the limitations of its charter as against the validity of the agreement, but consents, by depositing the money in the hands of the court, to abide the contest between appellant and appellee as to its ownership to the extent of such advances; that the appellee admits that the debt was incurred as above stated; and that it is just and due and payable to the amount claimed.

Is not the appellee, under the circumstances, estopped from relying upon any want of power, either in the company to consent to, or in herself or in her mother, or in both, to make an agreement, which, being executed, will be enforced in equity ?

It is admitted as settled law that one who takes out a policy of insurance upon the life of another, without having a beneficiary interest in that life, gets nothing, for the law declares such a contract a " wager policy," which it will not enforce; that a beneficiary named in a certificate similar to the one in this cause has no vested interest in such certificate during the life of the assured; that such beneficiary, prior to the death of the assured, can not loan or assign the certificate; that naming as beneficiary or assigning the certificate to one who is clearly not within the class of

beneficiaries described in the statute or charter, is a void act; and that the fund, after it becomes payable, is exempt from execution.

This is not an attempt to seize this beneficiary fund by execution, nor to take it by equitable process to pay any debts of the deceased. That provision of the statute (Chap. 73, Sec. 254, Hurd's, 1899) applies only to hostile proceedings undertaken by the creditor against or without the consent of the assured, or of the beneficiary, or of both. It is not designed to protect such certificate, or the proceeds thereof, from the voluntary act of the member or the beneficiary named therein. McGrew v. McGrew, 190 Ill. 604–608.

Nor is it a case where there was an attempt to change the beneficiary, or to name one as beneficiary who is outside of the stated class.

The company only has the right to complain that this agreement is void under its charter. But it is entirely content and makes no objection on that ground. Johnson v. Van Epps, 110 Ill. 561–563.

While a certificate like the one in question is not assignable at law, all beneficiary interest therein may be transferred in equity. Equitable rights may be acquired in a beneficiary certificate which may be enforced in a court of equity. Royal Arcanum v. Tracy, 169 Ill. 123–127.

In Schoenfield v. Turner, 75 Tex. 324, the Supreme Lodge Knights of Honor paid into court, upon a benefit certificate issued by it to David Schoenfield, the sum of $2,000. The certificate was payable to appellee, Turner. Appellants were the widow and children of the assured. The certificate was first issued to one Friedlander as beneficiary. After some years the health of the assured failed, and he became too poor to pay his dues or to fully support himself. In this condition of affairs Turner advanced him some money, and the old certificate was first assigned to Turner and afterward was canceled and a new one was issued, in which Turner was named as beneficiary. Of this change Friedlander was not informed. At the time of the death of the assured, Turner had loaned to and paid out for him,

according to his own testimony, " seventy-five or eigthy dol-
lars." The court declared that it was against public policy
for one not being within the permitted class to become
the owner, by assignment or otherwise, of insurance upon
the life of a human being, but a creditor of the assured
may lawfully become the owner of such insurance to an
extent requisite to protect him from ultimate loss of his
demand, and a purchaser or assignee of it will be recog-
nized as having an interest in it sufficient to repay him the
purchase or other money invested in it by him.

" Such holder of the certificate may no doubt collect the
money for the use of the heirs and enforce such proper
claims of his own against the fund as the law recognizes.
After allowing to appellee the $50 originally paid and the
amount subsequently paid by him for dues and assessments,
with interest thereon at eight per cent per annum, the
remainder of the money belongs to the heirs of David
Schoenfield as they existed at the date of his death."

In Metropolitan Ins. Co. v. O'Brien, 92 Mich. 584, the
court says that under the charter of the company the bene-
ficiary must be a relative by marriage or blood, or one who
was in a position to expect some benefit or advantage from
the continuance of the life of the assured, or the contract
was a wagering one and void on the ground of public policy.
The assured took the certificate with his son named as
beneficiary, and afterward changed the beneficiary to
" Agnes S. O'Brien, my partner's wife," and later made an
assignment of the certificate to said Agnes S. O'Brien.
From the date of the assignment to her and during the life
of the assured, Mrs. O'Brien made the stated payments
upon the certificate and took care of him. After his death
his son claimed the benefit as against Mrs. O'Brien. The
company filed a bill of interpleader. The court held Mrs.
O'Brien, not being related to the assured by blood or mar-
riage, could not take as beneficiary; but " it is well settled
that such a certificate could be assigned by the assured to
secure a creditor." Archibald v. Insurance Co., 38 Wis.
542; Dungan v. Insurance Co., 38 Md. 242.

Creditors, however, hold only what is necessary for their

indemnity for the debt, and the representatives of the insured will be entitled to the balance. Page v. Bernstein, 102 U. S. 664; Downey v. Hoffer, 110 Penn. St. 109; (20 Atl. Rep. 655; Rison v. Wilkerson, 3 Sneed, 565.

The court sent the case back for more definite proof as to the amount of the indebtedness. See also Insurance Co. v. Rosenheim, 56 Mo. App. 27.

A court of chancery is the proper forum in which to decide the question at issue, because if appellant has any claim upon this fund, his claim is an equitable one only, and appellee stands as trustee for him to the amount due him.

This is in effect an interpleader. The company has paid the fund into court, and it is the duty of the court to distribute it to or between the parties according to the general principles of equity. We find nothing in the original contract or in the situation of the parties, viewed in the light of the admitted facts, that forbids relief. The equities of the case are clearly with appellant to the amount of the credit extended.

The decree of the court below is therefore reversed and the cause is remanded with directions to enter a decree in favor of appellant for the sums actually due him, with interest and costs; and in favor of appellee for the balance of the fund.

Reversed and remanded with directions.