Beth Moshav Z'Keinim of Chicago, Appellant, v. Grand
Lodge Independent Western Star Order et al., Ap-
pellees.

## Gen. No. 14,017.

1. FRATERNAL BENEFIT SOCIETIES—*effect of assignment of certifi-
cate.* A fraternal benefit certificate is not assignable at law, but
all beneficial interests therein may be enforced in equity, except
insofar as the statute operates to prevent assignment.

2. FRATERNAL BENEFIT SOCIETIES—*when assignment of certificate
will not be enforced in equity.* The assignment of a benefit certifi-
cate to one not a lawful beneficiary under the statute, will not
be enforced in equity where the question of the unlawfulness of
the beneficiary is set up by the society, and this notwithstanding
the acceptance of dues and assessments from such unlawful bene-
ficiary.

Bill for injunction. Appeal from the Circuit Court of Cook
county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard
in the Branch Appellate Court at the October term, 1907. Af-
firmed. Opinion filed May 19, 1908.

**Statement by the Court.** Appellant, Beth Moshav
Z'Keinim of Chicago, a charitable corporation sup-
porting and conducting a Jewish Home for the Aged,
filed its original bill in the Circuit Court for the pur-
pose of restraining appellee, Grand Lodge, Independ-
ent Western Star. Order, from paying to appellee,
Bertha Greenbaum, the sum of $500 due under a bene-
fit certificate of her husband Wolf Greenbaum, is-
sued by the Western Star Order, a fraternal benefi-
ciary society, organized under the laws of this State.

The bill sets forth that the complainant is carrying
on and supporting an Orthodox Jewish Home for the
Aged in Chicago, and that it is supported entirely by
voluntary contributions; that no particular requisite
for admission to the home is required, except that ap-
plicants be worthy, and that they conform to the laws,
rules and regulations of the home.

It alleges that on or about February 1, 1904, one

Wolf Greenbaum and his wife, Bertha Greenbaum, defendant, applied for admission to the home; that they were without means of support, and were required to sign in accordance with the rules of the home applica tions for admission setting forth that they were holders of certificates in the defendant order in the sum of $500 each, and that the by-laws of said home had been read and explained to them and that they made the statements therein contained as to property or income in compliance therewith; and sets out the rules and by-laws of the home. In said application the appellee promised if admitted to the home to observe all the laws, rules and regulations then in force, and all others to be thereafter adopted.

The bill further alleges that in the by-laws of the home it is provided that any person entering the home as an inmate shall deliver all property of any and all description to said home; that section 6 of article 10 provides: ''That applicants who are members of any endowment society, shall be required to assign to the home before admission, all benefits resulting from said membership.'' These provisions are set out at length in the applications.

Said Greenbaums signed applications and entered the home about July 15, 1904, and lived there respectively as follows: said Wolf Greenbaum until August 19, 1906, when he died, and said Bertha Greenbaum resided there until the day before the filing of the bill of complaint herein.

The bill shows that in accordance with said by-laws, both said Wolf Greenbaum and the said Bertha Greenbaum delivered to complainant their respective benefit certificates in the said Western Star Order, numbered respectively 102 and 103, which are still in the hands of complainant; that complainant has paid since January 1, 1905, all the dues and assessments due upon both the said certificates amounting to the sum of $31.45.

Upon the death of said Wolf Greenbaum, complain-

ant requested said Bertha Greenbaum to sign certain papers, and to give certain assistance to enable complainant to realize the sum of $500 on the benefit certificate of said Wolf Greenbaum, but she refused so to do; and that thereupon complainant gave notice to the defendant Order that it claimed the said amount by reason of being the assignee of said certificate, and that said Order has acquired and holds a voucher for $500 which it claims it will pay over to Bertha Greenbaum unless restrained by the injunction of some court. The insolvency of said Bertha Greenbaum, and her inability to respond to any claim or suit for $500 or any part thereof is averred.

Defendants demurred, generally, to the bill, and after the demurrer had been sustained, the complainant amended its bill averring that the defendant order and its officers had full knowledge of the assignment by Bertha Greenbaum of her interest in the benefit certificate issued to Wolf Greenbaum, and that said order received such dues and assessments paid by complainant with knowledge of said assignment and with knowledge that said dues and assessments were being paid by complainant.

The amendment sets forth that since the said Greenbaums entered said home they were supported and maintained by complainant exclusively, were fed, clothed, lodged and taken care of by complainant, and furnished medical treatment, in consideration of and relying upon the assignment of said benefit certificates, all of which was reasonably worth for each of said parties the sum of five dollars per week, which is less than the actual cost thereof. The amendment then asks the additional relief that said order be decreed to pay to complainant the sum of five dollars per week for each of said Greenbaums respectively while they were so maintained and cared for, and also such sums as complainant has laid out for dues and assessments.

Upon a general demurrer to the bill as amended, the court sustained the demurrer, but found the com-

plainant is entitled to be reimbursed in the sum of $31.45, being the amount paid out by it for dues and assessments upon said certificates; and the defendants having in open court paid into court said sum for use of the complainant, the bill of complaint as amended was ordered to be dismissed for want of equity at the defendants' costs. This appeal followed.

ISRAEL COWEN, for appellant.

WHARTON PLUMMER, for appellees; JOSEPH EPSTEIN, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The decree of the Circuit Court is peculiar in that it recognizes an equity in the complainant, and upon the payment into court of a certain amount of money for the use of the complainant, sustains the demurrer to the bill as amended, and dismisses the bill at defendants' costs. But appellant states in its argument that its purpose is to ask this court to disregard any formal pleading and to meet and decide the legal questions involved, and no argument is made on the form of the decree.

The case made by the amended bill is founded on the certificate of the Western Star Order, which is the promise of the order to pay the benefits accruing thereunder on the death of Wolf Greenbaum in accordance with and to the parties named in the statute and designated and provided for by the laws of the order, and an assignment thereof to appellant. The bill does not show that appellant is a beneficiary named or provided for by the laws of the order, or that it is such a society as the statute authorized payment of benefits to under a benefit certificate. The appellee order has waived no right by bringing the money into court, and acknowledging its liability to pay it to appellant or to Bertha Greenbaum, as would have been the case had it filed a bill of interpleader and brought the money into

court, asking the court to determine which of the claimants is entitled to the fund. The appellee order is here standing upon its contract, ready to execute it by paying the money as it agreed to pay it, but objecting to paying the fund to any person or corporation other than the beneficiaries authorized by the statute under which it is organized, and the laws of the order. A different question is therefore presented by the bill from that decided in Binkley v. Jarvis, 102 Ill. App. 59. That case as stated by the court was in effect a bill of interpleader, and the court said: "The company only has the right to complain that this agreement (assignment) is void under its charter. But it is entirely content and makes no objection on that ground. Johnson v. Van Epps, 110 Ill. 561-563."

The question presented by the demurrer to the bill is, will a court of equity under the facts shown in the bill enjoin appellee, Western Star Order, from paying the benefits to appellee Greenbaum, and decree that such benefits be paid to appellant as assignee thereof for value?

"While a certificate such as the one here in question is not assignable in law, still all beneficial interests therein may be transferred in equity, and such equitable rights may be enforced in equity." Ptacek v. Pisa, 231 Ill. 522. Except as the statute modifies this right of assignment, it will be enforced in equity.

It is urged in behalf of appellant that the acceptance of dues and assessments from appellant, with knowledge of the assignment, operated as a waiver of the by-laws of the society providing that assignments shall be made only to blood relations, and as an estoppel of the society itself, since these by-laws were for the benefit only of the insured and may be waived by the society.

In National Home Building Assn. v. Bank, 181 Ill. 35-46, it is held: "The cases in this court where the corporation has been held to be estopped have been where the act complained of was within the general

scope of the corporate powers.'' And in the same case
it is held that: ''A party dealing with a corporation
of limited and delegated powers conferred by law is
chargeable with notice of them and their limitations,
and cannot plead ignorance in avoidance of the de-
fense.''

Beneficiary societies organized under the laws of this
state are corporations of limited powers, and their ben-
efits are restricted to certain classes of persons named
and fixed by statute. A benevolent association of the
character of appellant cannot take as a beneficiary, as
it is not within the classes specified in the statute. Old
Peoples Home Society v. Wilson, 176 Ill. 94. In our
opinion, under the authorities, the appellee, Western
Star Order, did not waive its by-laws by accepting
dues and assessments as averred in the amended bill,
and it cannot be estopped from asserting and insisting
upon its entire want of power under the law of its or-
ganization to agree to pay or to pay its beneficiary
funds to appellant. What it cannot agree to do, di-
rectly or indirectly, it will not be compelled to do in
equity, at the instance of an equitable assignee with full
notice and knowledge of its charter powers.

The certificates in the possession of appellant on their
face state that the benefits therein provided for should
be paid to the beneficiaries only named in and provided
for in the laws of the order. Appellant therefore was
put on inquiry and thereby notified that it was not, and
could not become, a beneficiary of the funds of the order
under the laws and charter of the order, for the statute
and the laws of the order were a part of the contract
between the order and the Greenbaums.

As said in Alexander v. Parker, 144 Ill. 355, 363, and
quoted in Old Peoples' Home Society v. Wilson, *supra:*

''Where the statute under which a benevolent cor-
poration is organized, and its charter adopted in pur-
suance of such statute, designate certain classes of per-
sons as those for whom a benefit fund is to be ac-

cumulated, a person not belonging to either or any of such classes is not entitled to take the fund. The corporation has no authority to create a fund for other persons than the classes specified in the law, nor can a member direct the fund to be paid to a person outside such classes.''

A court of equity will not, in our opinion, by its decree compel a fraternal beneficiary society organized under the existing statute of this state, to pay over a beneficiary fund, contrary to the provisions of its charter and laws, at the instance of an assignee outside of the classes named in the statute.

It is urged against this view of the case, that if the money is paid to appellant it is really paid to Mrs. Greenbaum, the beneficiary named in the certificate and the charter and laws of the order. We do not think this contention is tenable. It is based on the equities between appellant and Mrs. Greenbaum solely, and leaves out of consideration the fact that appellee, Western Star Order, has done nothing by which it has waived its rights to stand upon its charter rights and insist upon the strict terms of its contract. The relation of appellant to the order is not materially different from what it would have been if the old certificates had been surrendered and new certificates issued payable to appellant. The certificates were issued under section 258, chapter 73 of the Revised Statutes, which specifies the persons to whom benefits may be paid and limits such payments to the persons named.

The decree is affirmed.

*Affirmed.*