Archibald vs. The Mutual Life Insurance Company of Chicago.

court must be reversed, and the judgment of the justice must be affirmed.

*By the Court.* — It is so ordered.

ARCHIBALD VS. THE MUTUAL LIFE INSURANCE COMPANY OF CHICAGO.

LIFE INSURANCE POLICY: ASSIGNMENT: ACTION. (1) *Married woman may assign her policy on her husband's life.* (2) *By whom action on the policy to be brought.* (4) *Policy avoided by misrepresentation in application.*

VARIANCE: AMENDMENT. (3) *When variance disregarded, or amendment allowed.*

1. It is the settled law of this state, that the owner of a policy of life insurance may assign it, so that the assignee may maintain an action thereon in his own name; and there is nothing in our law to prevent such an assignment by a *married woman* beneficially interested in the policy.

2. The policy in suit was issued to plaintiff insuring the life of her husband, and she and her husband by a separate instrument assigned it as security for liabilities incurred or to be incurred, by the assignees, in behalf of the husband. *Held,* that if the assignees have paid money on said liabilities, which has not been refunded, they (or their assigns), and not the plaintiff, may maintain an action on the policy; and hence defendant's offer in evidence of the assignment, with proof that the condition thereof had not been performed, was improperly rejected.

3. The answer avers an assignment to H.; and the proof was of an assignment to H. & C., but that H. had become the sole owner. *Held,* that the variance was unimportant, and the answer might have been amended at any time, or the variance disregarded.

4. The person whose life was insured, in his application, represented that his kidneys were in a healthy state and free from any tendency to disease. There being evidence tending to prove that he was then suffering from a disease of the kidneys, and knew the fact, it was error to refuse an instruction, that " if the assured was ailing of any disease of the kidneys at the time of the application, and concealed it from the examining surgeon or from the company, it avoids the policy."

APPEAL from the Circuit Court for *Fond du Lac* County.

Action upon a policy of insurance issued by the defendant to the plaintiff on the life of Judson Archibald, late the husband of the plaintiff. The defendant in its answer alleges, among other things, that "at the time of the commencement of the action, the plaintiff was not the owner of the said supposed policy of insurance, but that one J. H. Hauser was at that time the assignee thereof, and had the legal title thereto."

On the trial of the action, the defendant, for the purpose of proving the above averment, offered in evidence an instrument in writing of which the following is a copy:

"Know all men by these presents, that we, J. A. Archibald and Augusta A. Archibald, his wife, of Fond du Lac, Wisconsin, for and in consideration of one dollar to us in hand paid by Hauser & Colman, composed of J. H. Hauser and Elihu Colman, do hereby assign and transfer to the said Hauser & Colman all our right, title and interest in and to a certain life policy on the life of the undersigned J. A. Archibald and in favor of the undersigned Augusta A. Archibald, said policy being numbered 11,997, for $3,000, in the Mutual Life Insurance Company of Chicago, and dated May 28, 1872, to have and hold for their use and benefit, provided that the said Hauser & Colman shall be saved harmless from any indorsements and liabilities incurred by them for the undersigned J. A. Archibald, or shall in the future indorse, then this assignment to be null and void, otherwise to be in full force and effect to the amount which the said Hauser & Colman shall have to pay on said indorsements.

Witness our hands and seals this first day of September, 1873.                     J. A. ARCHIBALD [SEAL].
                     A. A. ARCHIBALD [SEAL].
In presence of WM. CHEGWIN."

This instrument was produced in court by J. H. Hauser, Esq., therein named, who testified that he was the owner of it when the action was commenced. The court sustained an

objection to the admission of the instrument, and also sustained objections to the following questions propounded on behalf of the defendant to Mr. Hauser: "What is the amount of indebtedness for which the assignment was made? State whether the indebtedness still exists." These questions were put in connection with the proposition to introduce the instrument in evidence.

At the close of the trial, the court directed the jury to find for the plaintiff for the amount due on the policy by its terms; and a verdict was returned accordingly. After a motion for a new trial had been denied, judgment was entered for the plaintiff on the verdict. The defendant appealed.

*Edward S. Bragg,* for appellant:

1. The assignment was competent evidence, as it showed the action to have been brought by a person not having the real interest. Tay. Stats., 1418, § 12.  2. It was admissible as a circumstance to support the allegations of the answer, that the renewal of the policy was a device of Hauser & Colman to obtain a policy nominally for the wife, but really for themselves. *Swick v. Life Ins. Co.,* 2 Dil., 160; *Cammack v. Lewis,* 15 Wal., 643; *Stevens v. Warren,* 101 Mass., 564; *Franklin Life Ins. Co. v. Hazard,* 2 Ins. L. J., 180; *Shilling v. Accidental Death Ins. Co.,* 27 L. J. Exch., 16; *Reese v. N. Y. Mutual Ins. Co.,* 23 N. Y., 516. The evidence was rejected on the ground that the assignment was void because a married woman was the beneficiary, and under the laws of this state could make no assignment, and on the authority of *Eadie v. Slimmon,* 26 N. Y., 9. But the doctrine of that case is denied in *Emerick v. Coakley,* 35 Md., 188; *Baker v. Young,* 47 Mo., 453; *Pomeroy v. Ins. Co.,* 40 Ill., 402; *Kerman v. Howard,* 23 Wis., 108. 3. The court should have given the instruction submitting to the jury the question of the truth or falsity of the representations on which the policy was procured. *Jeffries v. Life Ins. Co.,* Sup. Ct. U. S., 2 Cent. L. J., 344; *Peacock v. N. Y. Ins. Co.,* 20 N. Y., 293.

*Hauser & Colman*, with *David Taylor* of counsel, for respondent, argued, among other points, 1. That the motion for a nonsuit was properly denied. By the introduction of the policy and renewal receipts, the plaintiff made a *prima facie* case, and the burden of proof was on the defendant. *Trenton M. L. Ins. Co. v. Johnson*, 1 Big. Ins. Reps., 327; *Same Case*, 4 Zab., 576; *Leete v. The Gresham Life Ins. Society*, 7 Eng. L. & E., 578. 2. That it is the duty of the judge to direct the jury what verdict to render, when the weight of evidence is so decidedly in favor of one side that the court would set aside a contrary verdict as against the evidence (*Cutler v. Hurlbut*, 29 Wis., 152; *The People ex rel. Peck v. Board of Police*, 35 Barb., 550), or where there is not sufficient evidence to warrant a verdict for the defendant. *Welts v. Ins. Co.*, 46 Barb., 412; *Gallagher v. White*, 31 id., 92. 3. That the assignment of a part of the money due on any legal instrument does not transfer the legal title. *Dewitt v. Perkins*, 25 Wis., 438; *Pomeroy v. Ins. Co.*, 40 Ill., 398; *Welch v. Mandeville*, 5 Wheat., 277; *Gibson v. Cook*, 20 Pick., 15. Assignment in part constituted a trust. The administrator alone must collect the whole. He holds the portions which have been assigned in trust, for the assignee. *Palmer v. Merrill*, 6 Cush., 282. At most the assignment was only collateral, depending on a contingency, and then only so much assigned as should be necessary to pay what had been paid on indorsements. 4. That the assignment was not admissible on account of the variance between the pleadings and the proofs. *Robbins v. Deverill*, 20 Wis., 142.

LYON, J. That it is competent for the owner of a life policy to assign the same so that the assignee may maintain an action thereon in his own name, is the settled law of this state, and it is quite immaterial that a married woman is beneficially interested in the policy. There is nothing in our law which prohibits a married woman from making such an assignment. A life policy is on the same footing in these respects as other

choses in action which are assignable in equity; on which actions can be maintained by the assignees in their own names. *McArthur v. Green Bay & Miss. Canal Co.*, 34 Wis., 139, 152. For the general doctrine above stated, see *Clark v. Durand*, 12 Wis., 233; *Kerman v. Howard*, 23 id., 108. Also May on Insurance, § 391; and Bliss on Life Insurance, §§ 330 and following. In the latter treatise a large number of cases are cited and commented upon.

In this case the assured and his wife (the plaintiff) owned the whole interest in the policy, and joined in the alleged assignment thereof which was offered in evidence. The instrument is therefore valid. Does it transfer to the assignees therein named the claim against the defendant by virtue of the policy, so that the action therefor must be brought in their names?

On its face the instrument is a conditional assignment and transfer to Hauser and Colman of the whole policy and the whole of the proceeds thereof. Hence the cases cited on behalf of the plaintiff to the effect that the assignee of part of a chose in action or part of the proceeds thereof cannot maintain an action for his interest, have no application to this case. In *Fraker v. Reeve*, 36 Wis., 85, it was held that an instrument similar to the one before us, assigning certain promissory notes as security for a debt, partook of the nature of a chattel mortgage, and vested in the assignees the title to the notes — such title being conditional before default, but absolute at law after default. *Fraker v. Reeve* rules the present case; and if the fact is that the condition of the assignment remains unperformed — if the assignees have paid money on the indorsements and liabilities mentioned therein, which has not been repaid to them, — they, and they alone, can maintain an action on the policy. Hence the assignment, and the testimony which was offered tending to show that such condition had not been performed, was competent and material testimony in the case, and its rejection by the circuit court was error.

It is not important that the answer avers an assignment of the policy to Hauser alone, while the instrument produced is an assignment thereof to Hauser and Colman.   No one could possibly have been misled or prejudiced by the variance.   Especially is the variance unimportant in view of the fact, proved on the trial, that Hauser is the sole owner of the assignment. The complaint might have been amended at any time, or the variance disregarded.

In his application for the insurance, Mr. Archibald represented, among other things, that his kidneys were in a healthy state and free from any tendency to disease.   On behalf of the defendant the court was asked to instruct the jury, that "if the assured was ailing of any disease of the kidneys at the time of the application, and concealed it from the examining surgeon or from the company, it avoids the policy."   We are inclined to think that there was some testimony tending to prove that the assured was then suffering from a disease of the kidneys and knew the fact.   If so, the instruction should have been given.

Other points were discussed in the arguments, but it is not deemed necessary to consider them.   The judgment must be reversed, and the cause remanded for a new trial.

*By the Court.* — It is so ordered.