THE METROPOLITAN LIFE INSURANCE COMPANY v. AGNES S. O'BRIEN ET AL.

*Life insurance—Change of beneficiary—Assignment to secure creditor —Insurable interest.*

Complainant issued a policy of insurance payable to a son of the insured, after which several substitutions of beneficiary were made by consent of complainant, the last beneficiary being the wife of a partner of the insured. The insured then assigned his interest in the policy to the last-named beneficiary, to whom he delivered it, with the assignment indorsed thereon. She kept up the premiums, and claimed to have taken the assignment as a creditor, and to have cared for and supported the insured thereafter. After his death she furnished the necessary proofs of loss, and surrendered the policy and premium receipt book to complainant. And in a suit to determine the relative rights of the assignee and the heirs of the insured to the insurance money, it is held:

  a—The insured had a right to change the beneficiary; citing *Association v. Montgomery,* 70 Mich. 594.

  b—The assignee was not eligible as a beneficiary, but the

assignment was valid as security to the amount necessary for her indemnity, to ascertain which an accounting is ordered, the remainder of the funds, if any, to belong to the heirs of the insured.

Appeal from Kent. (Grove, J.) Argued June 16, 1892. Decided July 28, 1892.

Bill of interpleader. The defendant O'Brien appeals. Decree reversed, and case remanded to take further proofs as to the amount due appellant, and for an accounting, and distribution of the fund between her and the heirs of the insured. The facts are stated in the opinion.

*Maynard & Chase,* for appellant.

*G. A. Wolf,* for defendants Kuppenheimer, contended:

1. The assignment to Mrs. O'Brien is void, because the beneficiary had a vested interest in the policy, and did not consent to the assignment; citing 2 May, Ins. (3d ed.) § 390; Bacon, Ben. Soc. § 292; 13 Amer. & Eng. Enc. Law, 648; *Pingrey v. Insurance Co.,* 144 Mass. 374 (11 N. E. Rep. 562); *Pence v. Makepeace,* 65 Ind. 345; *Barry v. Brune,* 71 N. Y. 261; *Stilwell v. Insurance Co.,* 72 Id. 385; *Fowler v. Butterly,* 44 N. Y. Sup. Ct. 148; *Ricker v. Insurance Co.,* 38 Am. Rep. 289, and note (27 Minn. 193); *Harley v. Heist,* 44 Id. 285 (86 Ind. 196); *Allis v. Ware,* 28 Minn. 166; *Bank v. Whittle,* 63 N. H. 587; *Damron v. Insurance Co.,* 99 Ind. 478; *Chapin v. Fellowes,* 36 Conn. 132; *Wilmaser v. Insurance Co.,* 66 Ia. 417; *Drake v. Stone,* 58 Ala. 133; *Waldrom v. Waldrom,* 76 Id. 285.

2. The policy is a New York contract; citing *Hyde v. Goodnow,* 3 N. Y. 266; *Lamb v. Bowser,* 7 Biss. 315, 372; and the policy of the law of that state is to place life insurance intended for the benefit of the insured's family beyond the reach of his creditors, and to make it non-assignable; citing *Eadie v. Slimmon,* 26 N. Y. 9; *Brummer v. Cohn,* 86 Id. 11; *Frank v. Insurance Co.,* 102 Id. 266; and it makes no difference that the assignment is made outside of the state; citing *Insurance Co. v. Terry,* 62 How. Pr. 325; and statutes of other states similar to that of New York have received the same construction; citing *Gould v. Emerson,* 99 Mass. 154; *Stokell v. Kimball,* 59 N. H. 13; *Smith v. Head,* 75 Ga. 755; *Insurance Co. v. Booker,* 9 Heisk. 606.

LONG, J. The complainant filed a bill of interpleader,

and, under the direction of the court below, the defendants were directed to interplead. The testimony was taken in open court, and upon the hearing a decree entered in favor of defendants Kuppenheimer.

The facts are but little in dispute. In August, 1887, the complainant, a New York corporation, writing what is termed "industrial insurance," issued its policy upon the life of Henry Kuppenheimer for $500, payable to his minor son Joseph, in consideration of a weekly premium of 43 cents. Sept. 13, 1888, upon application of the insured, the company changed the beneficiary to the insured's mother-in-law, Mrs. Laubenstein. On June 21, 1889, at the request of the insured, Dr. Laubenstein was named as beneficiary, Mrs. Laubenstein in the mean time having died. November 29, 1889, the insured made application to the company for a further change of the beneficiary, as follows:

"POLICY.                                FORM 22.
"Department, Change of Beneficiary.

"I hereby certify that I am the person assured under policy No. 3,398,279, in the above named company; that I have personally paid all premiums heretofore payable thereon; and I do hereby request and authorize said company, in the event of my death, to pay over the proceeds of said policy to Agnes S. O'Brien, my (state relationship) partner's wife, (age 60 years,) instead of the person or persons designated in the application for said policy. For so doing this shall be to said company their sufficient receipt and discharge.

"HENRY KUPPENHEIMER [signature].
"H. W. LE SAGETENBREOCK [witness].
"Dated at Grand Rapids, this 29th day of Nov., 1889."

This application was upon the same form as the other petitions or requests for change of beneficiary. On December 10, 1889, the insured assigned the policy to Agnes S. O'Brien by a writing on the back of the policy as follows:

"For value received I hereby assign, transfer, and set over unto Agnes S. O'Brien, and her heirs, administrators, and assigns, all my title and interest in and to the rights under the within policy of insurance, and all benefit and advantage to be derived therefrom. All former transfers are by this act declared null and void.

"Witness my hand and seal this 10th day of December, 1889.

"HENRY KUPPENHEIMER. [SEAL].

"ADOLPH SEYFFERTH, ⎱ Witnesses."
"DANIEL J. WALSH, ⎰

Henry Kuppenheimer died January 3, 1891. From the date of this assignment to Mrs. O'Brien, during the life of the insured, she made the weekly payments under the policy, and kept the policy alive. The policy itself, with the assignment indorsed upon it, was turned over to her by the insured at the time the assignment was made. After Kuppenheimer's death, Mrs. O'Brien furnished the necessary proofs of loss, and surrendered to the company the policy of insurance and the premium receipt book. The deceased left surviving him, as his heirs at law, his two sons, Joseph and Jacob Kuppenheimer, defendants to this suit. After Kuppenheimer's death Dr. Laubenstein and the heirs of his wife assigned their interest in the policy to the two sons.

The first part of the policy in controversy reads as follows:

"The Metropolitan Life Insurance Company, in consideration of the representations and agreements in the printed and written application hereby made a part of this contract, and in consideration of the payment to said company, on or before the date hereof, of the premium mentioned in said schedule, and of a like weekly premium, to be paid on or before each and every Monday subsequent to said date, during the life of the person insured, doth hereby agree to pay to the person or persons hereby designated in the *fifth condition herein*, upon receipt of proofs satisfactory to said company of the death of said insured, the sum of money stipulated in said schedule under the words, 'Amount of Insurance.'"

The fifth clause referred to above is as follows:

" The production by the company of this policy, and ,of a receipt for the sum assured, signed by *any person furnishing proof satisfactory to the company that he or she is the beneficiary*, or an executor or administrator, husband or wife, or relative by blood or connection by marriage, of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

It is claimed that, by the language employed in the policy, Mrs. O'Brien, being named as the beneficiary in the policy, and having furnished the proofs of death, and being recognized by the company as the person entitled to receive the fund, is entitled to recover the money as a beneficiary under the policy. It is also contended that Mrs. O'Brien is entitled to the money as a creditor, and may hold it under the assignment, even though she be not entitled to it as a beneficiary under the policy.

1. The beneficiaries named had no such vested right in the policy, and the moneys represented by it, that the insured could not change the beneficiary by a compliance with the terms of the policy and by the consent of the association. *Union Mut. Ass'n v. Montgomery*, 70 Mich. 594. The insured, therefore, had the power to change the beneficiary under the policy.

2. The beneficiary named must, by clause 5, be a relative by blood or marriage, or in a position to expect some benefit or advantage from the continuance of the life of the insured, or the contract is a wagering one, and void on the ground of public policy. *Mich. Mut. Ben. Ass'n v. Rolfe*, 76 Mich. 151; *Mut. Ben. Ass'n v. Hoyt*, 46 Id. 447. By the terms of the certificate attempting to nominate Mrs. O'Brien as the beneficiary, it appears that she did not sustain such a relation to the insured as to

entitle. her to be named as the beneficiary. She is therein described as the wife of the partner of the insured. She was not, therefore, entitled to hold under the nomination as beneficiary.

3. The assignment to Mrs. O'Brien was of the entire interest which the insured had in the policy. Upon its execution, the policy, with this assignment indorsed upon it, was turned over to her. She claims here that she took the assignment as a creditor; that the insured was indebted to her; and that thereafter she took care of, boarded, and clothed him, and also kept up the weekly payments on the policy. It is well settled that such a certificate could be assigned by the insured to secure a creditor. *Archibald v. Insurance Co.,* 38 Wis. 542; *Dungan v. Insurance Co.,* 38 Md. 242. Creditors, however, hold only what is necessary for their indemnity for the debt, and the representatives of the insured will be entitled to the balance. *Page v. Burnstine,* 102 U. S. 664; *Downey v. Hoffer,* 110 Penn. St. 109 (20 Atl. Rep. 655); *Rison v. Wilkerson,* 3 Sneed, 565.

The testimony showing the indebtedness of the insured to Mrs. O'Brien at the time of his death is too meager upon this record to warrant us in any attempt to state the account. Under the assignment, which was recognized by the company after the death of the insured, Mrs. O'Brien has a right to claim whatever she may have paid out at the request of the insured, and whatever the insured may have been indebted to her at the time of his death.

Some testimony was given upon the hearing below by Mrs. O'Brien. She is incapacitated from giving testimony, under the statute, of facts which would have been equally within the knowledge of the deceased. How. Stat. § 7545.

The decree of the court below must be reversed, with

costs, and the cause remanded to the court below, where the parties may have an opportunity to take such further proofs as may be necessary to ascertain the true state of the account, and the moneys must be appropriated to pay the same, the balance, if any, to belong to the heirs at law of Henry Kuppenheimer, deceased.

MORSE, C. J., McGRATH and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.