DETROIT LIFE INSURANCE CO. *v.* LINSENMIER.

1. INSURANCE—LIFE INSURANCE—INSURED MAY NOT CHANGE BENEFICIARY TO THE EXTENT OF VESTED INTEREST.

Where a sister had a vested interest in the life insurance policy of her brother by reason of an oral assignment to her to secure the repayment to her of money owing by him, he was powerless to change the beneficiary to the extent of such obligation, notwithstanding he had reserved the right to change the beneficiary at will.

[1]Life Insurance, 37 C. J. § 349.

2. SAME—VESTED INTEREST DISTINCT FROM THAT OF MERE BENE-
FICIARY.

An interest in a life insurance policy created by assign-
ment to the beneficiary to secure the payment of a debt
is entirely distinct and different from that of a mere
beneficiary.

3. SAME—INSURED MAY CHANGE BENEFICIARY EXCEPT AS TO VESTED
INTEREST.

Where a brother, who had reserved the right to change
the beneficiary in his life insurance policy, did all that
he could to make his mother the beneficiary in place of
his sister, who claimed a vested interest, the mother
should be recognized as beneficiary of all interest in excess
of the sister's vested interest, although the change in
beneficiary was not in fact accomplished because the sister
refused to surrender the policy for the purpose of making
the proper indorsement thereon.

4. APPEAL AND ERROR—BENEFICIARY HAS RIGHT TO PROVE AMOUNT
OF VESTED INTEREST.

Where a sister claimed a vested interest in the life in-
surance policy of her brother by reason of an assign-
ment to her to secure the payment of a debt, she should
have been allowed to prove the amount of the obligation
to her, and, on appeal, the case is remanded for the taking
of further proofs for that purpose only.

5. SAME—CLAIM OF VESTED INTEREST MADE IN LOWER COURT.

The contention by opposing counsel that the sister, named
as beneficiary in her brother's policy, did not assert in
the lower court the claim of a vested interest therein,
upon which she now relies, *held*, not sustained by the
record, which shows conclusively that such claim was
made.

6. WITNESSES—WITNESS MAY NOT REFRESH HIS MEMORY WITH
MEMORANDUM MADE BY ANOTHER INCOMPETENT TO TESTIFY TO
MATTERS THEREIN.

While a witness may use a properly made memorandum
for the purpose of refreshing his recollection while testi-
fying, it must be made to appear that he was the maker of
the memorandum and that it did not come from the

²Life Insurance, 37 C. J. § 345; ³Id., 37 C. J. § 350; ⁴Appeal and
Error, 4 C. J. § 3234; ⁵Id., 4 C. J. § 2287; ⁶Witnesses, 40 Cyc. p.
2459.

241—Mich.—39.

memory of another who would be incompetent to testify thereto.

7. SAME—USE OF MEMORANDUM.

> Where a wife, who was a party, was incompetent to testify as to certain matters because equally within the knowledge of deceased, it would be improper to allow the husband, who was a competent witness, to refresh his memory, while testifying as to such matters, from a memorandum made by the wife.

Appeal from Berrien; White (Charles E.), J. Submitted January 5, 1928. (Docket No. 69.) Decided February 14, 1928.

Bill of interpleader by the Detroit Life Insurance Company against Cleo Linsenmier, Nora E. Ream, and Garold W. Hartline to determine the beneficiary in a policy of insurance. From a decree for defendant Ream, defendant Linsenmier appeals. Reversed and remanded.

*Charles H. Kavanagh,* for appellant.

*N. H. Bacon,* for appellee.

NORTH, J. In June, 1923, Harold J. Hartline took out a life insurance policy in the sum of $1,000 in the plaintiff company. He died on the 16th of November, 1926. Each of the three defendants in this case made claim to the insurance, and thereupon the plaintiff filed a bill of interpleader. The trial court found that the mother of the insured, Nora E. Ream, was entitled to the insurance. The defendant Garold W. Hartline has not appealed and therefore is eliminated from this controversy; but the defendant Cleo Linsenmier, a sister of the deceased, has appealed to this court.

Garold W. Hartline, the twin brother of the insured, was the original beneficiary named in the policy. In March, 1926, the insured caused his sister, Cleo Lin-

---

'Witnesses, 40 Cyc. p. 2459.

senmier, to be made the beneficiary in the place of his brother, and the policy remained in the possession of this sister from the time of this change until the death of Harold J. Hartline.  For a year or more before this change of beneficiary, Harold, who was seriously afflicted with tuberculosis, had lived with his sister; and about the time the beneficiary was changed the sister and her husband arranged that Harold should be received as a patient at the Howell sanitarium. This was done at the urgent request of his attending physician.  The deceased continued to be a patient at the sanitarium until about two months before his death, at which time he was taken by his mother to her home in Niles, Michigan, where he remained until he died.

Almost immediately after Harold came to his mother's home she claimed that he desired to make her the beneficiary in the policy.  An application for a change of the beneficiary was made to the insurance company; but the company declined to change the beneficiary unless the policy was surrendered to it for the purpose of making the proper indorsement thereon. An effort was made through an attorney to have Mrs. Linsenmier surrender the policy, but she did not do so.  The trial court found as a fact that the insured desired at the time above indicated to make his mother the beneficiary under this policy and that he did all in his power to accomplish this; and the court also held as a matter of law that the insured had the absolute right to make the change, and therefore that the change of beneficiary should be decreed for him.  As stated above, the mother was held to be the lawful beneficiary.

The appellant, Mrs. Cleo Linsenmier, claimed that she was not only the beneficiary under this policy by reason of the change made in March, 1926; but that she held a vested interest in said policy because it

had been orally assigned to her at that time by her brother to secure to her the repayment of sums of money theretofore advanced to or paid out for the brother and payment to her for subsequent service rendered to him or expenditures thereafter made by her in his behalf.    While the exact amount is not disclosed in the record, there is proof that the sister expended several hundred dollars in behalf of the insured.

The trial judge seems to have construed the case of *Quist* v. *Insurance Co.*, 219 Mich. 406, as holding that the insured had the absolute right to change the beneficiary in his policy, and the court held as a matter of law that, notwithstanding Mrs. Linsenmier's claim of a vested interest in this policy, no such right existed, and in consequence thereof declined to receive certain items of testimony offered by the appellant which she claims would have established such vested interest as a matter of fact.    However, some testimony was taken, in consequence of which the appellant claims the assignment alleged by her has been proven.    Such testimony of this character as was received was taken over the objection of the appellee, and that which was excluded was so excluded because of the objections made by the appellee.    In his opinion the trial judge said:

"In my judgment such evidence is wholly irrelevant and immaterial, and cannot in any way affect the rights of the defendant Cleo to the proceeds of this policy.    When the insured took out this policy he expressly reserved in the policy itself the right to change the beneficiary therein at any time.    Under these circumstances our Supreme Court has repeatedly held that no beneficiary can acquire a vested interest in the proceeds of such a policy.    *Quist* v. *Insurance Co.*, 219 Mich. 406."

The error arising from the application of the principles of law announced in the *Quist Case* to the

present case is due to the dissimilarity of the facts involved.    In this case the appellant relies upon her claim of a vested interest in the policy by reason of its having been assigned to her to secure payment to her of obligations of the insured; but in the *Quist Case* Justice WIEST expressly stated:

"Plaintiff does not claim she had a vested interest that could not be cut off if the insured complied with the conditions relative to change of beneficiary." ·

Mrs. Quist's claim was solely that of a beneficiary whose interest as such was alleged not to .have been terminated by the regular method provided for changing the beneficiary.    It was error to conclude that under no condition can an insured who has reserved in his policy the right to change the beneficiary hypothecate or assign his policy and by so doing create in the assignee a vested interest which the insured is powerless to change as long as the policy is so pledged.    An interest so created is entirely distinct and different from that of a mere beneficiary.    *Metropolitan Life Ins. Co.* v. *O'Brien,* 92 Mich. 584; *Bland* v. *Bland,* 212 Mich. 549; *New York Life Ins. Co.* v. *Cook,* 237 Mich. 303.

It follows that while the insured had the right and power to terminate whatever interest the appellant had as a beneficiary under this policy, he could not cut off her vested interest as an assignee.    The extent of her rights as such assignee is a matter of proof.    If the amount of the insured's obligation to her equals or exceeds the amount of the policy, then the appellee has no interest therein; but if the amount of such obligations is less than the policy the balance belongs to the appellee because of the finding of the trial judge that she was the lawful beneficiary at the death of the insured.    While we find competent proof in the record by which the alleged vested interest of the appellant as an assignee is established, unfortunately it is not

possible to determine from the record the amount or extent of such interest, which would be the amount of the insured's obligations to the appellant.    Ordinarily, such obligations would have to be submitted as claims against the estate of the deceased; but the appellant has a specific lien upon the fund involved in this suit, and hence the whole matter should be determined herein by the taking of further proofs for that purpose only.    *Metropolitan Life Ins. Co.* v. *O'Brien, supra.*

The case last above cited is very similar to the present case both as to the facts and the issues of law involved and Justice LONG said:

"The assignment to Mrs. O'Brien was of the entire interest which the insured had in the policy.    Upon its execution, the policy, with this assignment indorsed upon it, was turned over to her.    She claims here that she took the assignment as a creditor; that the insured was indebted to her; and that thereafter she took care of, boarded, and clothed him, and also kept up the weekly payments on the policy.    It is well settled that such a certificate could be assigned by the insured to secure a creditor:    *Archibald* v. *Insurance Co.,* 38 Wis. 542; *Dungan* v. *Insurance Co.,* 38 Md. 242.    Creditors, however, hold only what is necessary for their indemnity for the debt, and the representatives of the insured will be entitled to the balance. *Page* v. *Burnstine,* 102 U. S. 664; *Downey* v. *Hoffer,* 110 Pa. St. 109 (20 Atl. 655) ; *Rison* v. *Wilkerson,* 3 Sneed (Tenn.), 565."

Counsel for the appellee has insisted both in his brief and in his oral argument in this court that the appellant did not assert in the lower court the claim of a vested interest in this policy upon which she now relies.    The record shows conclusively that this contention of the appellee is contrary to the fact, and that the claim of a vested interest was specifically made in the answer filed by the appellant, that it was definitely referred to by counsel for both the appellant

and the appellee while taking the proofs, and that it was considered and discussed by the trial judge in his opinion filed in the circuit court.

Complaint is made by the appellant because the trial court refused to allow appellant's husband to refresh his recollection from a memorandum while testifying. The following from his testimony relates to this phase of the case:

"*Q.* When was that paper made?
"*A.* Made that out last night.
"*Q.* You made it out?
"*A.* My wife and I.
"*Q.* Was that made from memory of what had been done?
"*A.* Yes, sir."

While it is well established that a witness may use a properly made memorandum for the purpose of refreshing his recollection while testifying, it is evident that the above showing was insufficient in that it does not appear to what extent the witness was the maker of the memorandum, nor does it appear whether it came from his memory or from his wife's memory. This was of serious importance in this case because the wife could not testify as to matters equally within the knowledge of the deceased; and clearly it would have been highly improper to have allowed this witness to read what his wife remembered from a memorandum prepared by her. The extent to which a memorandum may be used by a witness to refresh his recollection while testifying is indicated by the following cases: *Goodwin* v. *Insurance Co.*, 163 Mich. 41; *Prussia* v. *Bailey*, 193 Mich. 77.

The case is remanded to the court below where the parties may have an opportunity to take such further proofs as may be necessary to ascertain the true state of appellant's account against the insured, including premiums paid on this policy by her; and so much of the proceeds of the policy as is necessary shall be

used to pay the appellant; the balance, if any, shall belong to the appellee.    The appellant will have costs in this court.

FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.    FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.