MacDONALD v. CONSERVATIVE LIFE INS. CO. OF
WHEELING, WEST VIRGINIA.

1. EQUITY—AFFIRMATIVE RELIEF—SPECIFIC PERFORMANCE—INSUR-
ANCE TRUST—CLAIM OF ADMINISTRATOR.
  In suit for specific performance of alleged contract by deceased
  to make plaintiff a beneficiary of a life insurance trust, where
  insurers have deposited money into court pending outcome of
  suit, claim of administrator of insured's estate to the funds is
  disregarded where he filed no cross bill setting forth such claim.

2. INSURANCE—CHANGE OF BENEFICIARY.
  An insured who retains the right to change the beneficiary may do
  so at pleasure.

3. SAME — CHANGE OF BENEFICIARY — HUSBAND AND WIFE — OTHER
WOMEN.
  A married man may change the beneficiary of an insurance policy
  to a woman to whom he is not married.

4. SAME—EQUITY—CHANGE OF BENEFICIARY—CONSIDERATION—DONEE.
  A court of equity will not permit a change of beneficiary of a
  life insurance trust in favor of a donee that will prejudice the
  rights of a person whom insured has made beneficiary in accord-
  ance with a contract to that effect and for which he has re-
  ceived a valuable consideration, for the rights of the beneficiary
  had become vested.

5. SAME—CHANGE OF BENEFICIARY—VESTED RIGHTS OF BENEFICIARY.
  The right of an insured to change his beneficiary at pleasure will
  not be denied, where it has been reserved to him under the
  policy, unless it is plain that the beneficiary named has by con-
  tract and by performance acquired a vested interest in the
  policy and insurance fund.

6. SPECIFIC PERFORMANCE—LIFE INSURANCE TRUST—DONEES—VESTED
RIGHTS.
  Housekeeper and practical nurse who was engaged by insured
  and served him for approximately six years until her services
  were no longer required had acquired a vested right in $3,000

life insurance trust in which she had been named as beneficiary as consideration for her services over and above her board, room and maintenance, clothing and small personal expenses and was, therefore, entitled to specific performance of her contract as against claim of donee, insured's fianceé, with whom insured lived and whom he had substituted as beneficiary.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EVIDENCE—BRIEFS.
    In suit for specific performance of a contract, question as to whether or not contract involved was properly proved is not discussed where not briefed, although it would appear that there was adequate competent proof.

Appeal from Wayne; Campbell (Allan), J. Submitted October 17, 1939. (Docket No. 12, Calendar No. 40,625.) Decided February 14, 1940. Rehearing denied April 19, 1940.

Bill by Ethel Agnes DeVine MacDonald against Conservative Life Insurance Company of Wheeling, West Virginia, Alta C. Gardiner, and John A. Hamilton, special administrator of the estate of Frank H. Wisner, deceased, for an injunction restraining payment to Alta C. Gardiner of amount due under policies, for specific performance of contract with deceased and to set aside change of beneficiaries in insurance policy. Decree for defendant Gardiner. Plaintiff appeals. Reversed.

*Bland A. Pugh (John G. Cross, of counsel), for plaintiff.*

*Samuel E. Bracegirdle, for defendant Gardiner.*

*Charles H. Atwell, for defendant Hamilton.*

BUTZEL, J. The problem we have to determine is whether one who has received a valuable consideration under a contract with a person whom he agreed to make beneficiary of a life insurance trust may

withdraw the policies from the trust and by exercise of the power to change the beneficiary substitute another party who is a mere donee.

Plaintiff, Mrs. Ethel Agnes DeVine MacDonald, instituted this suit for specific performance of a contract to make her beneficiary of a life insurance trust and to obtain the proceeds of the policies, which have been deposited in court. She claims that in 1930 she agreed to work for one Frank H. Wisner as his housekeeper and practical nurse, and that in payment for these services he agreed to furnish her with board, room and maintenance, pay for her clothing and personal expenses which ran from one to two dollars a week, and provide for her a life insurance trust in the sum of $3,000 payable to her at his death.

In the summer of 1930, Mr. Wisner, a married man, was a resident of Detroit, where he was employed as a tax expert in the United States department of internal revenue. He had separated from his wife, who lived in Ann Arbor, but was not divorced. It is claimed his poor health led him to ask Mrs. MacDonald, whom he had known since school days, to accept the position as his housekeeper and practical nurse. In conformity with the agreement, Wisner placed with the Bankers Trust Company of Detroit, Michigan, two life insurance policies totaling $3,000 payable to the trust company for the benefit of plaintiff. The fund would be due plaintiff at the present time. After she had served for nearly six years, Wisner informed her that his health had improved and that he no longer required her services, but that he would pay her $50 a month and continue paying the premiums on the policies in trust for her benefit. Thereupon she agreed to leave his home. Subsequently, Mr. Wisner made a few small payments to her and moved to an apartment

where he lived with defendant Alta C. Gardiner from November, 1936, until his death in January, 1937. Wisner and Miss Gardiner were known as Mr. and Mrs. Wisner, and it is probable that he intended to marry Miss Gardiner upon obtaining a divorce.

The agreement purporting to be a life insurance trust was executed by Wisner and the Bankers Trust Company in December, 1930. Assuming, without deciding, that it is proper to call the arrangement a "trust" in the legal sense, it provided that the trustee was to hold the policies delivered thereunder without obligation with respect thereto other than safekeeping until they became payable. If Mrs. MacDonald survived Wisner, the proceeds of the policies, which were payable to the trustee, were to become a trust fund for her benefit. Wisner retained the right to modify, alter or revoke the trust and withdraw the policies in his lifetime, and the power to change the beneficiary of the policies was reserved in both the trust instrument and the insurance contracts. Shortly before July 28, 1936, Mr. Wisner came to the office of the trust company and stated that he was withdrawing the policies for the purpose of borrowing on them, which he had the right to do under the trust agreement, and that he had in mind the making of arrangements for a new insurance policy to be deposited in trust. On July 28, 1936, the beneficiary of the $2,000 policy was changed to Alta C. Gardiner as "fianceé," and in September of the same year the $1,000 policy was made payable to Alta C. Gardiner, "fianceé." The trust company was never notified of any revocation of the trust, although its duties, except that of accepting a return of the policies, if tendered, ended on withdrawal of the corpus. On September 30, 1936, Wisner telegraphed the trust company from St. Ignace direct-

ing it not to give Mrs. MacDonald or any representative of her any information regarding the trust, other than to advise that the trust was on file and that the ''policies have been in possession of companies.'' Upon Wisner's death in January, 1937, the insurance companies admitted liability, but the moneys were deposited with the clerk of the court pending the outcome of this suit. The administrator of Wisner's estate, in his answer, also laid claim to the proceeds of the policies as part of the estate, but his claim must be dismissed because he filed no cross bill. *Lau* v. *Stack,* 269 Mich. 396. The trial court decreed that the proceeds of the policies be paid to Miss Gardiner, the beneficiary last named, and that if plaintiff had any claim whatsoever, it would be against the Wisner estate. The learned judge stated in his opinion that

''It is impossible for the court to see under what theory the defendant can be bound by the contract existing between the plaintiff and Wisner, there being no proof that she had knowledge of the same or did anything which would make her legally bound to respect the obligation.''

In this we think there was error.

An insured who retains the right to change the beneficiary may do so at pleasure. A married man may even change the beneficiary to a woman to whom he is not married. *Metropolitan Life Ins. Co.* v. *Gray,* 290 Mich. 219. But a court of equity will not permit a change in favor of a donee that will prejudice the rights of a person whom he has made beneficiary in accordance with a contract to that effect, for which he has received a valuable consideration, for thereby the rights of the beneficiary become vested. *Metropolitan Life Ins. Co.* v. *O'Brien,* 92 Mich. 584; *In re Reid's Estate,* 170 Mich.

476; *New York Life Ins. Co.* v. *Cook*, 237 Mich. 303; *Detroit Life Ins. Co.* v. *Linsenmier*, 241 Mich. 608. See 18 A. L. R. 383. Plaintiff's theory was that in accordance with the contract Wisner agreed to make her beneficiary of $3,000 of life insurance through a trustee. She became his housekeeper and practical nurse, and served approximately six years, receiving practically no pay but the assurance that he would provide this fund for her in the event of his death. When her services were no longer required by him, he agreed to continue to keep the insurance in force. In *Bland* v. *Bland*, 212 Mich. 549, the decedent before marriage agreed to make his future wife beneficiary of a policy but failed to have the original beneficiaries changed before his death. It was held that the wife was entitled to specific performance of this antenuptial agreement as against the original beneficiaries whose rights were not vested, for the contract was founded upon a valuable consideration moving to the assured. Attention was there directed to the case of *Schiller-Bund* v. *Knack*, 184 Mich. 95, where the court said:

"We have examined the cases cited in the briefs of counsel, and are unable to find a case in which it was held there was a vested right passing to the beneficiary where there was not an express contract founded upon valuable consideration (moving to the assured) between the assured and the beneficiary."

The court * quoted from *Supreme Council Catholic Benevolent Legion* v. *Murphy*, 65 N. J. Eq. 60, 69 (55 Atl. 497) to the effect that:

"The transaction referred to between husband and wife, when acted upon, as it was by the wife, amounted to an irrevocable waiver by him in her

---

* In *Schiller-Bund* v. *Knack.*—REPORTER.

favor of his right to exercise the power of change of designation. It operated, in equity, as a release of such power to her.''

In *Modern Brotherhood of America* v. *Hudson*, 194 Mich. 124, 132, also cited in *Bland* v. *Bland*, *supra*, it was said that:

''The right of a holder of a certificate, of the nature of the one before us, to change his beneficiary at pleasure, is one which this court has uniformly upheld, and the right ought not to be and will not be denied unless it is plain that the beneficiary named in the certificate has by contract and by performance acquired a vested interest in the certificate and fund.''

We think plaintiff's rights became vested by virtue of the contract, and that it operated, in equity, as a release of the power to substitute as beneficiary one who is without superior equities. Therefore, plaintiff is entitled to the proceeds of the policies paid into court. As the question of whether the contract between Wisner and Mrs. MacDonald was properly proved is not briefed, we need not discuss it. It is sufficient to say that we believe there was adequate competent proof.

The decree of the lower court is reversed, with costs to plaintiff, and one may be entered in her favor.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.