CHRYSLER CORPORATION v. DISICH.

1. INSURANCE—CHANGE OF BENEFICIARY—VESTED RIGHTS—EQUITY.
    While an insured who reserves the right to change beneficiaries may do so at his pleasure, a court of equity will nullify such a change which cuts off a beneficiary's rights which have become vested.

2. SAME—VESTED RIGHTS—CONTRACTS—CONSIDERATION—BURDEN OF PROOF.
    In order to obtain a vested right in an insurance policy there must be an express contract founded upon valuable consideration between the assured and the beneficiary and the party claiming the vested interest has the burden of establishing the contract.

3. SAME—VESTED RIGHTS—EVIDENCE—INDEFINITE PROMISE—VOID CONTRACT—PUBLIC POLICY.
    Former wife of deceased who had been insured under a group life insurance policy did not establish a vested interest in the proceeds by proof of promise by the deceased to do her "good" if she did not contest a divorce suit he had instituted as such promise was too indefinite and the agreement was void as against public policy.

Illegality of bargains facilitating divorce, see 2 Restatement, Contracts, § 586.

4. Contracts—Agreement Not to Contest Suit for Divorce—
   Public Policy.
   An agreement between husband and wife that one shall bring
   a suit for divorce and that the other shall not contest it is
   illegal and void as against public policy.

5. Same—Illegality of Part of Consideration Voids All.
   If any part of the consideration of a contract is illegal, the
   whole consideration is void.

6. Insurance—Group Policy—Possession of Certificate—Pay-
   ment of Premiums—Vested Rights—Change of Beneficiaries.
   Neither the fact that a certificate of insurance, issued under a
   group life insurance policy, had been in the possession of
   former wife of insured, claiming a vested interest in the
   fund, nor fact that she paid premiums thereon created a
   vested interest in her or prevented a change of beneficiary by
   the insured.

Appeal from Wayne; Gordon (Arthur E.), J.,
presiding. Submitted September 20, 1940. (Docket
No. 105, Calendar No. 41,193.) Decided November
13, 1940. Rehearing denied February 7, 1941.

Interpleader by Chrysler Corporation, a foreign
corporation, against Madeline Disich, Anna Pellich,
and Nick Harish to determine disposition of the pro-
ceeds of an insurance policy on the life of Ziva
Pellich, deceased. Discontinued as to defendant
Harish. Decree for defendant Disich. Defendant
Pellich appeals. Reversed, and decree for appellant.

*Ralph S. Moore,* for appellant Pellich.

*Herman H. Greenburg* (*Philmore A. Leemon,* of
counsel, on application for rehearing), for appellee
Disich.

Sharpe, J. The Chrysler Corporation, plaintiff in
this suit, took out group life insurance on certain of
its employees. This group insurance plan was sub-
scribed to by Ziva Pellich and a certificate in the

amount of $3,000 issued to him. On June 30, 1938, Ziva Pellich died, and, in compliance with the terms of the policy, $3,000 was paid to the Chrysler Corporation, which, by virtue of certain provisions in the policy, paid the funeral bill of $395, a hospital bill of $63, and $324.15 to the city of Detroit, department of public welfare, which represented the cost of hospitalization incurred by Ziva Pellich during his lifetime.

Madeline Disich, former wife of Ziva Pellich, and Anna Pellich, his sister, each claimed to be entitled to the proceeds of the insurance. A dispute having arisen, plaintiff corporation filed a bill of interpleader in the circuit court of Wayne county; and under authority of the court paid the remaining amount of the insurance policy into court. The trial court held that Madeline Disich was entitled to the balance of the insurance. Defendant Anna Pellich has appealed.

Madeline Disich, who claims the insurance by reason of having a vested interest in the certificate of insurance, was married to Ziva Pellich in 1921. In 1924, she loaned the deceased the sum of $3,300, which was used to purchase a part interest in a subdivision. Shortly thereafter, Ziva Pellich resold his interest in the subdivision to his vendor for the same amount that he had paid for it. Madeline Disich claims that she was never repaid the money loaned to Ziva Pellich. In February, 1930, Ziva Pellich was granted a divorce from Madeline Pellich (Disich) in an uncontested divorce action, but the divorce decree made no provision for the repayment of the loan.

In 1930, Ziva Pellich was working for the Chrysler Corporation; and worked intermittently for that company for several years. On July 7, 1930, a certificate under the Chrysler group insurance policy was issued to him with Anna Pellich, his sister,

named as beneficiary, but within a short time a new certificate was issued and the beneficiary was designated—Madeline, wife, although at that time the deceased was divorced from Madeline Pellich.

The certificate involved in this case was issued to deceased on October 23, 1935, in which Madeline Pellich was named his beneficiary. On May 28, 1937, the beneficiary in the insurance certificate was changed to Anna Pellich, sister. The last change of beneficiary appears on July 12, 1937, at which time it was changed to city of Detroit, department of public welfare, in the amount of hospitalization costs, balance to Anna Pellich, sister.

Madeline Disich contends that she was made the beneficiary in the policy to secure the repayment of the loan made in 1924. The other contestant, Anna Pellich, contends that the reason for naming her beneficiary was to secure a debt of $2,000 owing to her by deceased.

The policy provided that ''Each member may name his individual beneficiary to whom he desires the insurance paid, which beneficiary he may change at any time.'' When Ziva Pellich changed the beneficiary of his policy on May 28, 1937, and July 12, 1937, he stated as follows:

''I certify that I have made no assignment of benefits under said contract, and request that the beneficiary thereunder be changed so that the especial beneficiary to receive the benefits payable under said contract by reason of my death shall be as follows:''

By the terms of the insurance policy, the insured has the right to change the beneficiary at any time. An insured who retains the right to change the beneficiary may do so at his pleasure. *MacDonald* v. *Conservative Life Insurance Co.*, 292 Mich. 182.

But a court of equity will nullify a change of beneficiary which cuts off the rights of one named as beneficiary, which have become vested. *Metropolitan Life Ins. Co.* v. *O'Brien,* 92 Mich. 584; *Detroit Life Ins. Co* v. *Linsenmier,* 241 Mich. 608.

It is the established law in Michigan that in order to obtain a vested right in an insurance policy, there must be an express contract founded upon valuable consideration between the assured and the beneficiary. *Schiller-Bund* v. *Knack,* 184 Mich. 95; *Bland* v. *Bland,* 212 Mich. 549; *New York Life Ins. Co.* v. *Cook,* 237 Mich. 303; *MacDonald* v. *Conservative Life Ins. Co., supra.* Moreover, the burden of establishing the contract is upon the party claiming the vested interest. *New York Life Ins. Co.* v. *Cook, supra.*

The principal question in this cause is whether the evidence introduced establishes such a contract. Contestant Madeline Disich relies upon a promise by the deceased to do her "good" if she did not contest the divorce action. In our opinion such a promise is too indefinite to establish a contract. Moreover, an agreement between husband and wife. that one shall bring a suit for divorce and that the other shall not contest it is illegal and void as against public policy. In *LaFrance* v. *Cullen,* 196 Mich. 726, 730, we said: "It is also the established law in this State that, if any part of the consideration of a contract is illegal, the whole consideration is void. See *McNamara* v. *Gargett,* 68 Mich. 454 (13 Am. St. Rep. 355)." Nor does the fact that the certificate of insurance was in the possession of Madeline Disich prior to the death of the insured, nor that she paid premiums on the policy, create a vested interest or prevent a change of beneficiary by the insured. *Modern Brotherhood of America* v. *Hudson,* 194 Mich. 124.

In *Modern Brotherhood of America* v. *Hudson, supra,* p. 132, we said:

"The right of a holder of a certificate, of the nature of the one before us, to change his beneficiary at pleasure, is one which this Court has uniformly upheld, and the right ought not to be and will not be denied unless it is plain that the beneficiary named in the certificate has by contract and by performance acquired a vested interest in the certificate and fund."

In our opinion the record fails to sustain the claim of Madeline Disich of a vested interest in the insurance policy. The decree is reversed and one may be entered in accordance with this opinion. Contestant Anna Pellich may recover costs from contestant Madeline Disich.

Bushnell, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.