GOLEMBIESKI *v.* GOLEMBIESKI.

1. INSURANCE—VESTED RIGHTS—CONTRACTS—CONSIDERATION—BURDEN OF PROOF.

In order to obtain a vested right in an insurance policy there must be an express contract founded upon valuable consideration between the assured and the beneficiary and the party claiming `the vested interest has the burden of establishing the contract.

2. SAME—VESTED RIGHTS—BURDEN OF PROOF—EVIDENCE.

In suit by insured's brother to recover proceeds of group policy paid by insurer into court and to restrain payment to named beneficiary on theory that plaintiff had acquired a vested interest after having furnished money for paying insured's fine and promising to give him a decent funeral in the event of his death, in consideration of insured's naming plaintiff permanently as beneficiary, where it appears insured had subsequently renamed his wife as beneficiary, finding of trial court that plaintiff had failed to sustain burden of establishing vested interest was supported by testimony.

Appeal from Kent; Brown (William B.), J. Submitted January 13, 1943. (Docket No. 67, Calendar No. 42,186.) Decided April 6, 1943.

Bill by Victor Golembieski against Jennie Golembieski and Metropolitan Life Insurance Company, a foreign corporation, to compel payment on a policy of insurance and for an injunction. Cross bill by Jennie Golembieski against Victor Golembieski to compel payment to cross plaintiff. Decree for defendant and cross plaintiff. Plaintiff appeals. Affirmed.

*Frank J. Powers,* for plaintiff.

*Sigmund S. Zamierowski,* for defendant.

BUSHNELL, J.   Plaintiff Victor Golembieski is the brother of Walter Golembieski, deceased, who was the insured under a group policy issued by the Metropolitan Life Insurance Company to Walter's employer, Fisher Body division of General Motors Corporation. Defendant Jennie Golembieski is the widow of Walter, and was his original beneficiary. After the policy had been in force for about three years, Walter, on March 29, 1939, designated his brother, Victor, as the beneficiary by a written notice which contained the statement,—"The right to change the beneficiary hereby designated without the consent of said beneficiary is reserved." On August 30, 1939, he revoked this designation, and again made his wife, Jennie, his beneficiary. Walter died suddenly on October 29, 1941, and Victor and Jennie both claim the proceeds of the insurance.

Victor filed a bill of complaint against Jennie and the insurance company. The latter paid $1,912.82, the net proceeds of the policy, into court, and the action was continued between Victor and Jennie. The trial court entered a decree dismissing plaintiff's bill of complaint and awarding the money on deposit to defendant.

The decisive question on appeal is whether Victor has sustained the burden of proving that he acquired a vested interest in the proceeds of the policy.

"It is the established law in Michigan that in order to obtain a vested right in an insurance policy, there must be an express contract founded upon valuable consideration between the assured and the beneficiary. *Schiller-Bund* v. *Knack,* 184 Mich. 95; *Bland* v. *Bland,* 212 Mich. 549; *New York Life Ins. Co.* v. *Cook,* 237 Mich. 303; *MacDonald* v. *Conservative Life Ins. Co.,* 292 Mich. 182. Moreover, the burden of establishing the contract is upon the party claiming the vested interest. *New York Life Ins. Co.* v. *Cook, supra.*" *Chrysler Corp.* v. *Disich,* 295 Mich. 261, 265.

Victor claims a vested interest in the proceeds of the insurance policy by virtue of an alleged oral agreement with Walter. Under this agreement, Victor was to be named, permanently, as the beneficiary, in return for his reimbursing Frank Golembieski, a third brother, in the sum of $53.35, paid as a court fine for Walter, and his promise to give Walter a decent funeral in the event of his death.

Frank Golembieski testified that Walter told him that Victor was going to get the insurance, and that "he never was going to change it." In the next breath Frank said that Walter transferred the policy to Victor "on account of his wife, she was all the time leaving him and trouble."

Jennie testified that she and Walter had many domestic difficulties during their married life, and that they were living apart when death occurred. She filed at least eight bills of complaint against him for divorce, the last of which was pending at the time of his death.

An examination of the testimony supports the conclusion reached by the trial judge that plaintiff

did not sustain the burden of establishing a vested interest, since Walter made the transfer to Victor because of existing domestic difficulties, rather than in fulfilment of the alleged agreement.

The decree is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.