Margery Fisher CANDLER and William Wallace Candler, Appellants,

v.

Louise C. DONALDSON and The Mutual Benefit Life Insurance Company, Appellees.

No. 13751.

United States Court of Appeals Sixth Circuit.

Dec. 3, 1959.

R. Lee Williams, Detroit, Mich., for appellants.

Edgar W. Pugh, Detroit, Mich., for appellees.

Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The Mutual Benefit Life Insurance Company brought this interpleader action in the District Court for the purpose of determining whether the wife or the mother of Wheaton F. Candler was entitled to the proceeds of a life insurance policy issued by the insurance company upon the life of Wheaton F. Candler, the insured.

The facts are not in dispute. Margery F. Candler and Wheaton F. Candler were married on or about November 8, 1954, and remained husband and wife up to and including the time of the insured's death. Shortly after the marriage the insurance company issued its policy, effective December 14, 1954, insuring the life of Wheaton F. Candler in the amount of $10,000.00, with the wife, Margery Candler, designated as beneficiary therein. The terms and conditions of the policy reserved to the insured the right to change the beneficiary. A child, William Wallace Candler, was born of said marriage on July 20, 1955. Effective October 2, 1956, the beneficiary under the policy was changed to Margery F. Candler with any children born of the aforesaid marriage as contingent beneficiaries.

On or about November 7, 1956, Wheaton Candler filed a divorce action against Margery Candler in the Circuit Court for Oakland County, Michigan, alleging as grounds for divorce extreme and repeated cruelty and incompatibility. Margery Candler caused her appearance to be entered in said action on or about November 13, 1956, and filed her answer to the complaint on or about December 4, 1956.

On or about November 27, 1956, Margery Candler filed a petition for temporary alimony and, following a hearing on December 3, 1956, the Court entered an order directing Wheaton Candler to pay to Margery Candler the sum of $30.-00 per week during the pendency of the action for the support and maintenance of the mother and the child. The order further provided that the mother should have the continued use of the family home and the furnishings therein, and that Wheaton Candler should pay all utility bills and all other expenses necessary for the use and enjoyment of the house, except the cost of food, gasoline for the operation of the automobile and the charge for the telephone for the mother's personal use. The order also provided that Wheaton Candler "shall continue in force and continue to make timely payments of premiums on all life insurance policies, automobile insurance policies,

insurance policies pertaining to real estate, and personal property, during the pendency of this suit and until a final adjudication of this cause shall be made," and that Wheaton Candler "be restrained from selling, assigning, encumbering, hypothecating, or otherwise disposing of the property herein before mentioned, as well as any other property he may own, possess, or have interest in until a final adjudication of the interests of these parties in said property may properly be made by this Honorable Court."

On or about February 4, 1957, Margery Candler filed a cross-bill, praying for, among other things, an injunction against the cross-defendant, Wheaton Candler. Said injunction was granted by the Court and was served upon Wheaton Candler February 11, 1957. This injunction ordered Wheaton Candler to desist and refrain from molesting, annoying or interfering in any manner with Margery Candler and the child and also "from selling, assigning, encumbering, hypothecating, mortgaging, concealing, giving away, or in any manner disposing of any of the properties and assets of either or both of the parties hereto."

Effective July 12, 1957, pursuant to a written request therefor by the insured, the beneficiary designated in the policy of insurance was changed from Margery Candler to "Louise C. Donaldson, Mother."

The insured, Wheaton Candler, died August 31, 1957, while the aforesaid policy was in full force and effect. Conflicting claims to the proceeds were thereafter made by Margery Candler and the child, William Candler, on the one hand, and by Louise C. Donaldson, the mother, on the other hand. This interpleader action was thereupon filed by the insurance company which admitted that the insurance was due and payable and called upon Margery Candler, the child, William Candler, and Louise C. Donaldson to make their claims thereto for determination by the Court.

The trial judge held that Louise C. Donaldson, mother of the insured decedent, as named beneficiary under the policy, was entitled to its proceeds. He ruled that under the law of Michigan, which was the controlling law of the case, the right of an insured to change the beneficiary in a policy of insurance will not be denied where it has been reserved under the policy, as it was in this case, unless by contract or performance the beneficiary has acquired a vested interest in the policy. New York Life Insurance Company v. Cook, 237 Mich. 303, 211 N.W. 648; MacDonald v. Conservative Life Insurance Company of Wheeling, W. Va., 292 Mich. 182, 290 N.W. 372. He further ruled that a wife has no vested interest in the insurance policy on the life of her husband merely by reason of the fact that she was the named beneficiary therein and that, accordingly, the insured had the right to change the beneficiary while a divorce suit, brought against him by his wife, was pending and where his death intervened before the entry of a decree. New York Life Insurance Company v. Cook, supra, 237 Mich. 303, 211 N.W. 648. In so ruling, he pointed out that the injunction directed to the deceased husband did not restrain him from changing the beneficiary of the policy in suit, and that since the insured died before a decree of divorce had been granted, the Court was not privileged to conjecture as to whether or not the proceeds of the policy would have been decreed to the wife had the divorce decree been granted.

 We agree with the trial judge's construction of the Michigan law as stated in the opinions above referred to. However, we are not in accord with his conclusion that under the facts of this case Margery Candler's interest in the policy was merely a contingent interest, such as a wife would acquire by being named beneficiary in a policy on the life of her husband, without more. Although the right of a husband under such circumstances to change the beneficiary from his wife to another is well established, where the right to change the beneficiary is reserved by the policy, it is also well established that under certain circumstances equities may arise in

favor of the named beneficiary which would deny to the insured the right to make such a change. MacDonald v. Conservative Life Insurance Co. of Wheeling, W. Va., supra, 292 Mich. 182, 186, 188, 290 N.W. 372; Metropolitan Life Insurance Co. v. O'Brien, 92 Mich. 584, 52 N. W. 1012; Bland v. Bland, 212 Mich 549, 180 N.W. 445; In re Reid's Estate, 170 Mich. 476, 136 N.W. 476; Detroit Life Insurance Co. v. Linsenmier, 241 Mich. 608, 217 N.W. 919; Thomson v. Thomson, 8 Cir., 156 F.2d 581, certiorari denied 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679; rehearing denied 329 U.S. 833, 67 S.Ct. 501, 91 L.Ed. 706. Although the rule was held not applicable under the particular facts of the case, it was expressly recognized by the Court in McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761.

The question is, did such equities exist in the present case? The trial judge was of the opinion that they did not exist, apparently relying to a large extent upon the fact that in his opinion the injunction directed to the deceased husband did not restrain him from changing the beneficiary of the policy. Whether that is the proper construction to be given to the order entered on the petition for temporary alimony and the later injunction is, in our opinion, the decisive question in the case.

■■ It is true that neither the order nor the injunction expressly directed the insured not to change the beneficiary. But the order directed the insured to continue in force "all life insurance policies * * * during the pendency of this suit and until a final adjudication of this cause shall be made" and restrained the insured from "assigning * * * or otherwise disposing of the property hereinbefore mentioned, as well as any other property he may own, possess or have interest in until a final adjudication of the interests of these parties in said property may properly be made by this Honorable Court." This was a temporary order preliminary to a later final order adjudicating the property rights of the parties. Under the Mich-

igan statutes the policy herein involved was part of the property of the husband that was to be considered by the Court in making such final order. Sec. 25.131, M.S.A., Comp.Laws Mich.1948, § 552.-101; Cooley v. Cooley, 320 Mich. 209, 30 N.W.2d 840. We see no reason for requiring the insured to continue to make the necessary premium payments except to keep the policy in effect for the benefit of the wife and child, the named beneficiaries therein, until a final adjudication of property rights was made. Giving due consideration to the other provisions of the order, we think it was the purpose of the order to preserve the status quo between the parties until the final adjudication of property rights between the parties could be made. Under the circumstances, the word "dispose" is broad enough to cover any material change by the husband in his existing property rights until a final adjudication of the cause. Equitable Life Assurance Society of United States v. Wilkins, D.C. E.D.N.Y., 44 F.Supp. 594. We are of the opinion that the order restraining the insured from "otherwise disposing of the property *hereinbefore mentioned*" (emphasis added) prohibited the insured from changing the beneficiary from his wife until such final order was made.

■■ Proceeding upon that construction, such equities existed in this case as to deny to the insured the right to make the change. Not only was the order of the Court violated, but there is the additional fact that the new beneficiary, being a pure donee beneficiary, insofar as is shown by the record, has no offsetting equities of her own. Equitable Life Assurance Society of United States v. Wilkins, supra, D.C.E.D.N.Y., 44 F.Supp. 594; Shoudy v. Shoudy, 55 Cal.App. 344, 203 P. 433; Mutual Life Ins. Co. of N. Y. v. Franck, 9 Cal.App.2d 528, 50 P. 2d 480. If the change in beneficiaries had not been made, the wife would have been entitled to the proceeds of the policy upon the death of the insured. Equity considers that as done which ought to be done. Thomson v. Thomson, supra, 8 Cir., 156 F.2d 581, 586, certio-

rari denied 329 U.S. 793, 67 S.Ct. 370, rehearing denied 329 U.S. 833, 67 S.Ct. 501.

The judgment of the District Court is reversed and the case remanded for further proceedings consistent with the views expressed herein.