JOHN McDONALD v. ALIC BIRSS, ADMINISTRATOR, ETC.

*Life insurance—Assignment of policy.*

1. An assignment of a life-insurance policy to secure creditors is valid; citing *Insurance Co. v. O'Brien*, 92 Mich. 584.
2. An assignment, absolute in form, of a life-insurance policy,

and an agreement of even date by which, in consideration of said assignment, the assignee agrees to furnish the assignor a life support and all necessary medical attendance, and after his death a decent burial, and which provides that the present indebtedness of the assignor to the assignee is included in the consideration of the assignment, and canceled by it, are not conclusive that the assignment was absolute.

Appeal from Saginaw. (Edget, J.) Argued January 31 and February 1, 1894. Decided March 20, 1894.

Bill to determine the ownership of the proceeds of a life-insurance policy. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Tarsney & Wicker,* for complainant.

*John M. Brooks* (*Humphrey & Grant* and *Charles S. Smith,* of counsel), for defendant.

GRANT, J. December 31, 1886, the Northwestern Mutual Life Insurance Company issued a policy upon the life of one Alpha F. Dunton, payable " unto his executors, administrators, and assigns." Dunton, being indebted to William L. Webber, executor and trustee of the estate of Jesse Hoyt, in the sum of $2,150, assigned the policy to him. The assignment was absolute in form, but was in fact made and received to secure this debt. September 2, 1891, Dunton assigned the policy to the complainant, subject to the rights and interest of Webber. This assignment was also absolute in form. On the same day Dunton and complainant made the following agreement in writing:

" Whereas, said Dunton has this day assigned his interest in policy No. 151,434, issued upon the life of said Dunton by the Northwestern Mutual Life Insurance Company: Therefore, in consideration of said assignment, said first party agrees to support, care for, and maintain said Dunton during his life, and after his death to furnish him decent and suitable burial. All necessary medical assistance shall be furnished by first to second party.

The present indebtedness of second party to first party is included in the consideration of the aforesaid assignment, and canceled by it."

Dunton was at this time sick and in the last stages of consumption. He was scarcely able to write his name. September 14 he. made his will, by which he bequeathed to complainant all his property theretofore owned and used by him in connection with his axe and tool factory, and, after the payment of his debts and funeral expenses, the residue to his heirs at law. He died September 23. Complainant filed a petition in the probate court for the probate of the will, in which he stated that he was a creditor and the residuary legatee. The will was admitted to probate, and defendant appointed administrator with the will annexed. The company, which had been in due time noti- fied of the assignments, sent a draft to defendant, payable to the order of Webber, McDonald, and himself. Webber , declining to indorse the draft, defendant and McDonald paid him the amount due, and Webber assigned his inter- est in the policy to defendant. That draft was returned to the company, which sent a new one, payable to the order of defendant, as administrator, and McDonald. Complainant claimed and demanded the entire proceeds of the draft, under the assignment and agreement from Dun- ton. Defendant refused to comply, claiming:

1. That the assignment of the policy to complainant was intended as security.

2. That, if it was intended as an absolute transfer, it was void upon grounds of public policy, except to the extent of the indebtedness of the estate to complainant for services rendered and disbursements made.

Complainant introduced no proof of the amount of his debt or of his disbursements, relying upon the assignment as an absolute transfer.

The court below decreed that complainant had a first lien upon the proceeds of the draft in defendant's hands

for the amount of his indebtedness, for the sums expended under the agreement, and a reasonable compensation for his services, and that he produce proofs thereof in open court within 30 days of the date of the decree.

The defendant could find no property belonging to the estate aside from this policy.   Debts were proven against the estate to the amount of $3,400.

It is now the well-established rule that an assignment of a life-insurance policy to secure creditors is valid. Whether, under the circumstances of this case, an absolute assignment in payment of a debt would be valid as against other creditors where the amount of the policy is largely in excess of the amount of the debt, *quaere*.   But this question is not necessarily before us, and upon it we express no opinion.   The assignment and the agreement are not conclusive that the assignment was absolute.   If it were absolute, then complainant was not a creditor, and had no claim against the estate, for, under his present theory, all his claims were canceled and paid by the assignment and agreement.   There is no theory under which his solemn assertion under oath that he was a creditor can be explained other than that these papers were intended to secure his debt and expenses to be incurred in the care and maintenance of Mr. Dunton, and his funeral expenses. The terms of the will also indicate that such was Mr. Dunton's understanding.   This case is within the rule of *Metropolitan Life Insurance Co. v. O'Brien,* 92 Mich. 584.

The decree is affirmed, with costs, and the case remanded for further proceedings, as provided therein.

The other Justices concurred.