BALCER v PETERS

1. Insurance—Life Insurance—Security Interest—Creditor's Interest.

A creditor named as beneficiary in an insurance policy on the life of his debtor is entitled only to reimbursement to the extent of his security interest in the policy.

2. Insurance—Life Insurance—Security Interest—Creditor's Interest—Repayment of Loan.

The defendants who were named as beneficiaries in a policy of life insurance for the purpose of securing a loan to the insured were not entitled to the proceeds of the policy upon the death of the insured, even though the insured, who died shortly after the loan had been repaid, had failed to change the name of the beneficiaries, where the evidence showed that the defendants had had only a security interest in the policy, the loan was fully repaid and acknowledged as such, and there was no evidence that the insured intended to continue the defendants as beneficiaries notwithstanding repayment of the loan.

3. Equity—Appeal and Error—Findings of Trial Court.

An appellate court gives considerable weight to the findings of the trial judge in an equity case primarily because he is in a better position to test the credibility of the witnesses by observing them in court and hearing them testify.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 December 14, 1971, at Detroit. (Docket No. 9276.) Decided January 17, 1972.

Complaint by Monica Balcer, executrix of the estate of Vincent J. Balcer, against Cass and Dorothy

References for Points in Headnotes

[1, 2] 43 Am Jur 2d, Insurance §§ 519, 520.
[3] 5 Am Jur 2d, Appeal and Error § 839.

Peters for proceeds of a life insurance policy. Judgment for plaintiff. Defendants appeal. Affirmed.

*Edward P. Frohlich,* for plaintiff.

*Eric E. Zisman,* for defendants.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

HOLBROOK, P. J. This case arises from a disputed claim to the proceeds from a $5,000 life insurance policy on the life of Reverend Vincent J. Balcer.

The pertinent facts appear as follows: On May 23, 1941, Reverend Vincent J. Balcer designated his sister, Monica Balcer, as beneficiary on the policy. In 1946 Reverend Balcer borrowed $9,700 from the defendants. A note was given by Reverend Balcer to the defendants as evidence of the debt. This was the only business transaction between the parties. Subsequently, at the defendants' request Reverend Balcer assigned to defendants the $5,000 life insurance policy as security for the loan, and designated defendants as beneficiaries in the policy. The defendants recognized the "security" nature of the transaction in their testimony. On or about December 29, 1965, Reverend Balcer remitted a check for the final payment on the loan. Further facts and conclusions are contained in the trial court's opinion as follows:

"Sometime soon after final payment the note was marked paid by Dorothy Peters, the defendant, and returned. The insurance policy previously given as collateral security for the loan was returned either by mail, by defendant Cass Peters, or by his wife, Dorothy Peters; all three being supported by the statement of the defendants. The important fact is

the policy was returned, and rightly so, to the Rev. Balcer.

"A few months later the Rev. Balcer died. The policy of insurance had not been changed as far as the names of the beneficiaries.

"The court finds Rev. Balcer intended the change in beneficiary to the defendants for the purpose of giving them collateral security for the money loaned, as evidenced by the note, and the preponderance of evidence clearly supports the intention of Rev. Balcer, that he intended it as collateral security pure and simple.

"The payments of money by Rev. Balcer to defendants, the cancellation of the note and the return of the insurance policy clearly terminated the security transaction.

"The untimely death of Rev. Balcer shortly after the return of the insurance policy, before he effectuated the change of the beneficiary will not be allowed in this court to deprive the family of the proceeds of a policy given as collateral security for a loan which admittedly had been paid in full.

"Thus the names of the defendants will be stricken from the insurance policy, the security arrangements having been terminated, and the proceeds of said policy will be paid to the Estate of the Rev. Balcer."

At trial defendants testified that Rev. Balcer had indicated to them that they were to have the insurance proceeds notwithstanding repayment of the loan. Sitting as a court of equity the trial court concluded that defendants held a security interest in the insurance proceeds which was terminated by remittance of the final loan payment.

The issue herein presented is: Whether under the facts in this case the persons named as beneficiaries in a policy of life insurance for the purpose of securing a loan to the insured are, after the loan has

been completely repaid, entitled to the proceeds of the policy upon the death of the insured?

It is established law that a creditor named as beneficiary in an insurance policy on the life of his debtor is entitled only to reimbursement to the extent of his security interest in the policy. *Metropolitan Life Ins Co v O'Brien,* 92 Mich 584 (1892); *McDonald v Birss,* 99 Mich 329 (1894); *Great Camp Knights of the Modern Maccabees v Deem,* 143 Mich 652 (1906). See also, 46 CJS, Insurance, § 1162, at p 46.

The defendants' security interest terminated when the final payment on the loan was made. Any claim that defendants have to the insurance proceeds must be based upon a showing that Rev. Balcer expressly intended to continue defendants as beneficifiaries notwithstanding repayment of the loan. There was no such showing made.

The trial court explicitly indicated its displeasure in the conflicting versions of the events which took place according to the testimony of the defendants, Cass and Dorothy Peters. The trial court's observation finds support in the record. The court chose to disbelieve defendants' testimony. Moreover, defendants' testimony as to the intent of deceased Reverend Balcer was incompetent. MCLA 600-.2166; MSA 27A.2166.

On appeal we hear and consider chancery cases *de novo* on the record. However, we give considerable weight to the findings of the trial judge in equity cases. We do so primarily because the trial judge is in a better position to test the credibility of the witnesses by observing them in court and hearing them testify. We do not ordinarily disturb the findings of the trial judge in an equity case unless, after an examination of the entire record, we reach the conclusion we would have been required to have

arrived at a different result had we been in the position of the trial judge. *Christine Building Co* v *City of Troy*, 367 Mich 508, 517–518 (1962).

The trial court properly ruled that upon the termination of the defendants' security interest, the insurance proceeds belonged to plaintiff as executrix of deceased's estate. *Metropolitan Insurance Co* v *O'Brien, supra; McDonald* v *Birss, supra;* and *Great Camp Knights of the Modern Maccabees* v *Deem, supra.*

Affirmed. Costs to plaintiff.

All concurred.